STATE OF NEBRASKA, APPELLEE, V. CONRAD A. JASPER, APPELLANT.

467 N.W.2d 855

Filed April 5, 1991.   No. 89-1456.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Robert M. Spire, Attorney General, and Mark D. Starr for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

Conrad A. Jasper appeals his Douglas County jury conviction for possession of a short shotgun, a Class IV felony under Neb. Rev. Stat. § 28-1203(1) (Reissue 1989).

While on evening patrol in a police van, Adam Kyle, Mike Stewart, and Jeff Saalfeld, officers of the Omaha Police Division, observed a Buick driven by Jasper. Officer Kyle knew that Jasper had previously received a traffic citation for driving without an operator's license. Since Kyle believed that Jasper did not have a driver's license and the officers saw that the Buick lacked a front license plate, the officers stopped the Buick containing Jasper, who had been driving, and a passenger. In a radio communication with the officers, a police dispatcher reported that the Buick's rear license plate was stolen. The officers arrested Jasper for receipt of stolen property, namely, the stolen license plate, and commenced an inventory of the Buick's contents. During an inventory of the

Buick's trunk, the officers found an unzipped gym bag which contained an unloaded 12-gauge shotgun with an overall length of $20^3/4$ inches, that is, a "short shotgun." See Neb. Rev. Stat. § 28-1201(6) (Reissue 1989) (definition of short shotgun). Nothing in the Buick indicated that Jasper owned the car. Later investigation failed to establish Jasper's fingerprints on the shotgun. During custodial interrogation, Jasper denied that he owned the shotgun and stated that he was unaware of the shotgun's presence in the Buick's trunk.

Jasper was charged with a violation of § 28-1203(1), which, in pertinent part, provides: "Any person or persons who shall transport or possess any . . . short shotgun commits [sic] a Class IV felony." Neb. Rev. Stat. § 28-1212 (Reissue 1989) states:

> The presence in a motor vehicle other than a public vehicle of any firearm . . . shall be prima facie evidence that it is in the possession of, and is carried by, all persons occupying such motor vehicle at the time such firearm or instrument is found, except this section shall not be applicable if such firearm or instrument is found upon the person of one of the occupants therein.

After Jasper declined to testify at his trial, the court, over Jasper's objection, gave instruction No. 6 to the jury:

> The presence in a motor vehicle of any firearm shall be prima facie evidence that it is in the possession of, and is carried by, all persons occupying such motor vehicle at the time such firearm is found, unless such firearm is found upon the person of one of the occupants.
>
> Prima facie evidence is evidence sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted.
>
> You may accept any presumption raised by prima facie evidence, but you are not required to do so. The evidence of presence of the firearm in the vehicle must be shown beyond a reasonable doubt.

The court also instructed the jury that Jasper was presumed innocent until proved guilty beyond a reasonable doubt and that the burden of proof concerning all elements of the crime, including Jasper's control over a short shotgun and his "willful, intentional, and knowing" possession of the firearm, remained

with the State and never shifted to Jasper. The jury found Jasper guilty of possessing a short shotgun.

Jasper's sole assignment of error is that jury instruction No. 6 deprived him of due process by relieving the State of its burden to prove beyond a reasonable doubt each element of the crime charged and by shifting to Jasper the burden to disprove possession of the shotgun.

In rather astute observations, the State correctly and succinctly summarizes the situation in Jasper's case:

> There is some reason to believe that [§ 28-1212] was not designed for the purpose of creating a presumption to be used by the jury but instead was intended to be used as a guide for the court to know when there was enough evidence to place the case before the jury. . . .
>
> . . . .
>
> Given the potential constitutional problems involved when presumptions are employed, one may question the wisdom of using them.

Brief for appellee at 5 and 9.

## APPELLANT'S BURDEN RE INSTRUCTIONS

"In an appeal based on the claim of an erroneous instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant." *Rose v. City of Lincoln,* 234 Neb. 67, 74, 449 N.W.2d 522, 528 (1989). Accord *State v. Harney, ante* p. 512, 466 N.W.2d 540 (1991).

> With the exception of an erroneous admission or exclusion of evidence, a defendant, as the appellant claiming reversible error in a criminal case, must demonstrate that a trial court's conduct, whether action or inaction during the proceeding against the defendant, prejudiced or otherwise adversely affected a substantial right of the defendant.

*State v. Juhl,* 234 Neb. 33, 45-46, 449 N.W.2d 202, 211 (1989). Accord *State v. Harney, supra.*

## PRIMA FACIE EVIDENCE

The trial court used "prima facie evidence" in each paragraph of instruction No. 6. The State suggests that the first

paragraph of instruction No. 6 "was apparently derived from Neb. Rev. Stat. § 28-1212 . . . ." Brief for appellee at 4.

"Prima facie evidence" means that proof presented on an issue is sufficient to submit the issue to the fact finder for disposition and precludes a directed verdict against the party with the burden of proof on the issue in a jury trial or exclusion of a particular issue from consideration in a nonjury trial. See, *State v. Kipf*, 234 Neb. 227, 450 N.W.2d 397 (1990); *State v. Copple*, 224 Neb. 672, 401 N.W.2d 141 (1987). Cf. *Dale v. Thomas Funeral Home, ante* p. 528, 529, 466 N.W.2d 805, 807 (1991): "A 'prima facie case' means that evidence sufficiently establishes elements of a cause of action and, notwithstanding a motion for a directed verdict in a jury trial or motion to dismiss in a nonjury trial, allows submission of the case to the fact finder for disposition."

Although "prima facie evidence" is found in § 28-1212 as a part of the Nebraska Criminal Code, the content of a statute within the criminal code is not necessarily and always proper information for a jury. While certain facts or circumstances expressed as "prima facie evidence" in a criminal statute may provide some guidance to a court in a judicial determination whether a particular issue is submissible to a jury, information about a judicial standard for evaluating evidence supplies nothing helpful for a jury's discharging its duty of factfinding and, consequently, only encumbers the deliberative process essential to proper determination of factual questions. Thus, "prima facie evidence," as a standard for a court's evaluation of evidence, was unnecessary and, was, therefore, inappropriately included in instruction No. 6.

## PRESUMPTIONS IN CRIMINAL CASES
*Nature of a Presumption.*

A presumption is a fact inferred from another proved or established fact or facts. *State v. Kipf, supra.* "[A] presumption as employed in criminal matters corresponds to an inference in civil matters. Clarity would be fostered by reference to criminal instructed inferences rather than criminal presumptions." M. Graham, Handbook of Federal Evidence § 303.4 at 129 (3d ed. 1991).

While the words "inference" and "presumption" are sometimes used interchangeably, they by no means are synonymous. An inference is a conclusion as to the existence of a particular fact reached by considering other facts in the usual course of human reasoning. . . . An inference is thus a deduction the factfinder may in its discretion draw, but is not required to draw as a matter of law. Under certain circumstances an inference may be so strong that no other conclusion may be reasonably reached. However, this is because of the compelling nature of the particular factual circumstances rather than that, as is the case with a presumption, a rule of law requires the conclusion to be drawn.

M. Graham, *supra*, § 301.7 at 103-04.

*Constitutional Considerations in Jury Instructions on Presumptions.*

As the U.S. Supreme Court noted in *Sandstrom v. Montana*, 442 U.S. 510, 514, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979):

The threshold inquiry in ascertaining the constitutional analysis applicable to this kind of jury instruction is to determine the nature of the presumption it describes. . . . That determination requires careful attention to the words actually spoken to the jury . . . for whether a defendant has been accorded his constitutional rights depends upon the way in which a reasonable juror could have interpreted the instruction.

Accord *Francis v. Franklin*, 471 U.S. 307, 105 S. Ct. 1965, 85 L. Ed. 2d 344 (1985). The presumption of innocence, although unarticulated in the U.S. and Nebraska Constitutions, is a basic component of a defendant's fair trial and, therefore, an aspect of due process in the criminal justice system. *Estelle v. Williams*, 425 U.S. 501, 96 S. Ct. 1691, 48 L. Ed. 2d 126 (1976); *State v. Harney, ante* p. 512, 466 N.W.2d 540 (1991). "Due process in a criminal case requires that the prosecution prove, beyond a reasonable doubt, every factual element necessary to constitute the crime charged against a defendant." *State v. Harney, supra* at 514, 466 N.W.2d at 543 (1991). See, also, *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368

(1970). "As a result of the constitutional guarantee of due process, including the presumption of innocence and the State's burden of proof beyond a reasonable doubt, a verdict cannot be directed against the defendant in a criminal case." *State v. Harney, supra* at 516, 466 N.W.2d at 544. See, also, *Sandstrom v. Montana, supra.*

Regarding the presumption of innocence, W. LaFave & A. Scott, Criminal Law § 1.8 at 58 (2d ed. 1986), observed:

> The so-called "presumption of innocence" is actually not a presumption at all in the legal sense . . . that, once an underlying fact has been proved, another (ultimate) fact may (or must) be taken as proved. . . . It is more properly said that the innocence of the defendant is assumed, which is generally taken to mean no more than that the prosecution has the two burdens of proof . . . the burden of producing evidence of guilt in order to avoid a directed verdict; and of persuading the fact-finder of guilt beyond a reasonable doubt in order to secure a conviction. However, the customary statement to the jury when the trial court gives instructions is that the defendant is presumed innocent, that the mere fact of accusation is no evidence of his guilt, and that the prosecution must prove guilt beyond a reasonable doubt.

In *State v. Kipf*, 234 Neb. 227, 450 N.W.2d 397 (1990), this court examined a jury instruction concerning proof for the crime of intimidation by telephone call, specifically Neb. Rev. Stat. § 28-1310(2) (Reissue 1989), which provides: "The use of indecent, lewd, or obscene language or the making of a threat or lewd suggestion shall be prima facie evidence of intent to terrify, intimidate, threaten, harass, annoy, or offend." The *Kipf* instruction in question was a verbatim expression of the language in § 28-1310(2). In *Kipf*, we determined that "prima facie evidence," used in § 28-1310(2), actually resulted in a "mandatory and conclusive presumption of criminal intent, that is, factual establishment of the telephone call with its statutorily prohibited conduct necessarily ('shall') results in the conclusively established criminal intent of the caller." *State v. Kipf, supra* at 245, 450 N.W.2d at 410. In *Kipf*, after reviewing various U.S. Supreme Court decisions regarding

presumptions in criminal cases, decisions such as *Ulster County Court v. Allen*, 442 U.S. 140, 99 S. Ct. 2213, 60 L. Ed. 2d 777 (1979), *Sandstrom v. Montana*, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979), and *Francis v. Franklin, supra*, we noted that the Supreme Court,

> concerning presumptions, whether mandatory, conclusive, or conclusive, or rebuttable, concluded that the due process requirement of the State's burden of proof beyond a reasonable doubt in criminal cases "prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime." [Quoting from *Francis v. Franklin, supra* at] 471 U.S. at 313.

*State v. Kipf, supra* at 250, 450 N.W.2d at 413.

In view of U.S. Supreme Court decisions, we stated in *Kipf*:

> If we were to approve an instruction framed in the literal language of § 28-1310(2), which informs a jury about the function of prima facie evidence or proof of intent, such an instruction, in the absence of a defendant's presentation of evidence negativing intent established by the "prima facie evidence," would have the legal effect of a directed verdict on the issue of criminal intent as an element of the offense prohibited by § 28-1310: "[V]erdicts may not be directed against defendants in criminal cases. . . ." *Sandstrom v. Montana, supra* at 516 n.5.

> In accordance with *Sandstrom*, we conclude that a jury instruction founded on the presumption created by § 28-1310(2) is constitutionally impermissible because such an instruction deprives a defendant of the due process right that the State must prove beyond a reasonable doubt each element of the crime charged, and shifts the burden to the defendant to disprove the element of intent in the offense charged.

> Since the jury instruction given in this case informed the jury that based on § 28-1310(2), Kipf's criminal intent had been established, the instruction is erroneous and prejudicial because it deprived Kipf of his substantial right

to a trial by jury on the issue of criminal intent necessary for the crime charged under § 28-1310. Such prejudicial error requires reversal of Kipf's conviction.

*State v. Kipf, supra* at 251, 450 N.W.2d at 413.

### PRESUMPTUOUS PRESUMPTIONS IN JASPER'S CASE
*Presumption from a Firearm's Presence.*

The first paragraph of instruction No. 6 informed the jury that "[t]he presence in a motor vehicle of any firearm shall be prima facie evidence that it is in the possession of, and is carried by, all persons occupying such motor vehicle at the time such firearm is found . . . ."

In prosecutions for violation of statutes pertaining to controlled substances, " '[a] defendant possesses a controlled substance when the defendant knows of the nature or character of the substance and its presence and has dominion or control over the substance.' " *State v. Harney, ante* p. 512, 515, 466 N.W.2d 540, 543 (1991). Accord *State v. Lonnecker, ante* p. 207, 465 N.W.2d 737 (1991). The preceding possessory standard or test is equally applicable to a defendant's prohibited possession of a firearm in violation of § 28-1203(1). Hence, under § 28-1203(1), proof of possession is essential for a conviction. Yet, instruction No. 6 is unclear concerning the effect of a firearm's presence within a vehicle. Did the shotgun's presence within the vehicle completely establish Jasper's commission of the possessory crime, so that no other proof was required for a conviction? Or was the shotgun's presence sufficient proof of Jasper's knowledge about the presence of a prohibited firearm, an element of the possessory crime? The mandatory language in instruction No. 6, that is, the firearm's presence within the vehicle *shall* be evidence of possession, might lead a reasonable juror to conclude that the trial court was directing that an illegal firearm's presence, in and of itself, established Jasper's commission of the firearms crime. Also, a reasonable juror might conclude that the court was directing that from the shotgun's presence, the jury must infer that Jasper's knowledge, as a component of possessing an illegal firearm, had been established, so that no other proof of Jasper's knowledge was necessary. In either of the foregoing

situations, the instruction and its conclusive or mandatory result relieved the State of its burden to produce evidence on each element of the crime charged against Jasper and was tantamount to a directed verdict against Jasper, namely, presence of a firearm established Jasper's commission of the possessory crime or at least some of the elements of the crime. However, the crime charged was not "presence in a vehicle containing a short shotgun," but was "possessing a short shotgun." Based on mere presence of the firearm, there could be no constitutionally permissible instruction that the jury must infer Jasper's commission of the crime charged or any element of the crime charged. An instruction which directs a verdict against a defendant, either on the issue of guilt for a crime charged or on an element of the crime, violates the defendant's due process right to a fair trial in a criminal case. *State v. Harney, supra*; *State v. Kipf*, 234 Neb. 227, 450 N.W.2d 397 (1990). See, also, *Sandstrom v. Montana*, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979). An instruction which requires that a jury draw an inference adverse to a defendant in a trial of a criminal case deprives a defendant of, or denies a defendant, the due process right to a fair trial. *State v. Kipf, supra*; *Sandstrom v. Montana, supra.*

On the other hand, if a firearm's presence in a vehicle driven by a defendant may be a circumstance for consideration in determining whether the defendant was "in . . . possession of" the weapon, then instruction No. 6 simply informs the jury concerning correct use of circumstantial evidence, that is, a firearm's presence in a vehicle driven by a defendant may be a circumstance tending to prove the defendant's knowledge concerning presence of the weapon and dominion or control over the weapon. Cf., *State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990) (presence of a controlled substance within a vehicle; circumstantial evidence regarding defendant's possession of the substance); *State v. Harney, supra.* "Circumstantial evidence" means facts or circumstances, proved or known, from which existence or nonexistence of another fact may be logically inferred or deduced through a rational process. *State v. Loveless*, 234 Neb. 463, 451 N.W.2d 692 (1990); *State v. Lewis*, 177 Neb. 173, 128 N.W.2d 610

(1964).

True, the court, by instruction No. 5, set out the elements of "the crime of possession of a short shotgun," including (1) Jasper's possession of a short shotgun and (2) Jasper's willful, intentional, and "knowing" possession of the firearm. Nevertheless, instruction No. 6, in reference to the shotgun's presence within the vehicle and Jasper's possession of the firearm, was ambiguous and misleading. "All instructions, read conjunctively, must correctly state the law, adequately state the issues, and not mislead the jury." *State v. Pierce*, 231 Neb. 966, 975, 439 N.W.2d 435, 443 (1989). Accord *State v. Harney, ante* p. 512, 466 N.W.2d 540 (1991). The ambiguity in and from instruction No. 6 prevented Jasper's fair trial on the crime of possessing a short shotgun.

### *"Unless Rebutted."*

The second paragraph of instruction No. 6 states that "[p]rima facie evidence is evidence sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted."

In the preceding "Presumption from a Firearm's Presence," we discussed the effect of a court's constitutionally impermissible instruction which directs a mandatory inference by a jury in a criminal case. Additionally, the second paragraph of instruction No. 6, in substance, informed the jury that the shotgun's presence in the car driven by Jasper resulted in a presumption that Jasper was in possession of the firearm, a presumption which persisted "unless rebutted." As previously noted, "[d]ue process in a criminal case requires that the prosecution prove, beyond a reasonable doubt, every factual element necessary to constitute the crime charged against a defendant." *State v. Harney, supra* at 514, 466 N.W.2d at 543. However, the "unless rebutted" provision in instruction No. 6 shifted the burden of persuasion to Jasper, that is, possession, a presumed fact derived from the shotgun's presence in the car driven by Jasper, remained an established fact unless Jasper could persuade the jury otherwise. To meet the shifted burden of persuasion, Jasper might even find it necessary to produce evidence on the issue of possession, a

necessity which would shift to Jasper the burden to disprove an element of the crime. As pointed out in *Francis v. Franklin*, 471 U.S. 307, 313, 105 S. Ct. 1965, 1970, 85 L. Ed. 2d 344 (1985), the State is prohibited "from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime." While presence of a firearm in a vehicle driven by a defendant may be a relevant circumstance tending to prove the defendant's knowledge about a firearm's nature and presence, and dominion or control over the weapon, absence of the defendant's rebuttal concerning possession does not, and constitutionally cannot, establish the defendant's criminal possession of the firearm. See, *State v. Harney, supra*; *State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990). Thus, instruction No. 6 presented a presumption which shifted to Jasper the burden of persuasion regarding possession as an element of the firearms charge against Jasper. In view of the State's twofold burden for conviction, namely, the burden of producing sufficient evidence to avoid a directed verdict of acquittal and the burden of persuading the fact finder that Jasper was guilty beyond a reasonable doubt, the presumption of possession, expressed in instruction No. 6, came in direct conflict with the presumption of Jasper's innocence. The constitutionally required presumption of innocence must prevail; hence, the "unless rebutted" provision in instruction No. 6 must fail. Due process in a trial of a criminal case prohibits an instruction which contradicts the presumption of a defendant's innocence or shifts to a defendant the burden of persuasion on an element of the crime charged against the defendant. *State v. Harney, ante* p. 512, 466 N.W.2d 540 (1991). Consequently, the second paragraph of instruction No. 6 deprived Jasper of his constitutionally guaranteed due process right to a fair trial on a criminal charge.

### Nebraska Evidence Rule 303(3).

The State tries to salvage instruction No. 6 by referring to Neb. Evid. R. 303(3), Neb. Rev. Stat. § 27-303(3) (Reissue 1989), which states:

Whenever the existence of a presumed fact against the

accused is submitted to the jury, the judge shall give an instruction that the law declares that the jury may regard the basic facts as sufficient evidence of the presumed fact but does not require it to do so. In addition, if the presumed fact establishes guilt or is an element of the offense or negatives a defense, the judge shall instruct the jury that its existence must, on all the evidence, be proved beyond a reasonable doubt.

Even if there had been a recognizable and constitutionally acceptable presumption available in Jasper's case, the trial court failed to specifically instruct the jury that possession, which was the presumed fact, "must, on all the evidence, be proved beyond a reasonable doubt," as expressly required by Neb. Evid. R. 303(3).

Although we have previously referred to *Francis v. Franklin, supra,* concerning application of a presumption in a criminal trial, repetition of the Supreme Court's observation in *Francis* only emphasizes the pitfalls in presumptions:

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." . . . This "bedrock, 'axiomatic and elementary' [constitutional] principle," . . . prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime. . . .

*Francis v. Franklin, supra* at 471 U.S. at 313. See, also, *State v. Kipf,* 234 Neb. 227, 450 N.W.2d 397 (1990).

## HARMLESS ERROR ARGUMENT

In a last-ditch effort, the State contends that any error in instruction No. 6 was harmless because the court's other instructions informed the jury that the State was required to prove that Jasper knew about the shotgun's presence within the trunk of the vehicle which he was driving.

As previously mentioned, however, all instructions, when read together, must not mislead the jury and must correctly state the law. *State v. Harney, supra; State v. Pierce,* 231 Neb.

966, 439 N.W.2d 435 (1989). Directly contradictory instructions obviously have the very real likelihood of misleading a jury. Instruction No. 6 incorrectly expressed the law and authorized the jury to disregard the presumption of Jasper's innocence and the State's burden to prove beyond a reasonable doubt each element of the possessory crime charged against Jasper. Because instruction No. 6 quite likely influenced the jury in its verdict, which is constitutionally suspect as a deprivation or denial of Jasper's due process right to a fair trial, we cannot conclude that the error was harmless.

## CONCLUSION

Instruction No. 6 and its presumptions presented to the jury not only permitted disregard for the presumption of Jasper's innocence of the crime charged, but also effectively shifted to Jasper the burden to persuade the jury on elements of the crime charged and explain the circumstances surrounding the police discovery of the short shotgun in the trunk of the car driven by Jasper. That shift to Jasper relieved the State of its burden to prove, beyond a reasonable doubt, that Jasper knew about the short shotgun and controlled that illegal weapon. Thus, instruction No. 6 is inconsistent with the presumption of innocence which may be overcome by evidence of guilt beyond a reasonable doubt and is incompatible with the State's constant burden to prove, beyond a reasonable doubt, all elements of the crime charged against Jasper.

This brings us right back to the State's prior insightful comment: "Given the potential constitutional problems involved when presumptions are employed, one may question the wisdom of using them." Moreover, unless the State's requisite burden of persuasion is quietly sailing off, or drifting, into a constitutional sunset, the purely procedural approach to the State's burden of proof on the elements of a crime cannot be allowed to supersede the basic requirement of substantive fairness in the criminal justice system. See Jeffries & Stephan, *Defenses, Presumptions, and Burden of Proof in the Criminal Law*, 88 Yale L.J. 1325 (1979).

Therefore, since instruction No. 6 deprived Jasper of a fair trial required under the constitutional guarantee of due process

in the trial of a criminal case, we reverse and set aside Jasper's conviction and remand this cause to the district court for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.