STATE OF NEBRASKA, APPELLEE, V. WENDELL MITCHELL,
APPELLANT.
508 N.W.2d 552

Filed November 19, 1993.    No. S-92-624.

Thomas M. Kenney, Douglas County Public Defender, and Kelly S. Breen for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and MORAN, D.J., Retired.

FAHRNBRUCH, J.

In this case, we hold, as matter of law, that the delivery of an imitation controlled substance is not a lesser-included offense of delivery of crack cocaine, a controlled substance.

Wendell Mitchell was convicted by a district court for Douglas County jury of unlawfully and knowingly or intentionally distributing, delivering, or dispensing a controlled substance, to wit: crack cocaine, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 1992), a Class II felony, carrying a penalty of not less than 1 nor more than 50 years' imprisonment. See § 28-416(2) and Neb. Rev. Stat. §§ 28-405

(Cum. Supp. 1990) and 28-105 (Reissue 1989). He was sentenced to 18 months' imprisonment.

Mitchell appealed his conviction to the Nebraska Court of Appeals. There, he claimed that the trial court erred by (1) admitting into evidence a State's exhibit containing the crack cocaine which the jury found Mitchell had sold to police officers and (2) refusing Mitchell's request for a jury instruction that delivering an imitation controlled substance is a lesser-included offense of delivering a controlled substance. Delivery of an imitation controlled substance is a Class III misdemeanor carrying a penalty of not more than 3 months' imprisonment, up to a $500 fine, or both. See Neb. Rev. Stat. §§ 28-445 and 28-106 (Reissue 1989). In his testimony, Mitchell denied selling crack cocaine. He claimed that the substance he sold was "gank," that is, fake crack cocaine made of cake mix and water.

The Court of Appeals held that the exhibit containing the crack cocaine was properly admitted into evidence. The Court of Appeals agreed with Mitchell that delivery of an imitation controlled substance is a lesser-included offense of delivery of a controlled substance and that the trial court's failure to give that type of instruction was reversible error. The Court of Appeals reversed Mitchell's conviction and remanded the cause to the district court for a new trial.

The State successfully petitioned this court for further review, claiming that the Court of Appeals erred in determining that the trial court committed reversible error by not giving Mitchell's requested lesser-included offense instruction.

This court recently discussed the requirements for a trial court to instruct on a lesser-included offense in *State v. Williams*, 243 Neb. 959, 503 N.W.2d 561 (1993). In *State v. Garza*, 236 Neb. 202, 459 N.W.2d 739 (1990), this court abandoned the statutory-elements approach for determining what constituted a lesser-included offense and adopted the cognate-evidence approach. Subsequently, in *Williams*, the court returned to the statutory-elements approach, and it is under that approach that we decide whether Mitchell was entitled to a lesser-included offense instruction.

[A] court must instruct on a lesser-included offense if (1) the elements of the lesser offense for which an instruction

is requested are such that one cannot commit the greater offense without simultaneously committing the lesser offense and (2) the evidence produces a rational basis for acquitting the defendant of the greater offense and convicting the defendant of the lesser offense.

*State v. Williams*, 243 Neb. at 965, 503 N.W.2d at 566.

According to § 28-416(1)(a), it is unlawful for any person to knowingly or intentionally "manufacture, distribute, deliver, dispense, or possess with intent to manufacture, distribute, deliver, or dispense a controlled substance." To prove that Mitchell was in violation of § 28-416(1)(a) as charged, the State was required to prove that Mitchell (1) knowingly or intentionally (2) delivered (3) a controlled substance.

Section 28-445, on the other hand, provides criminal penalties for any person who "knowingly and intentionally manufactures, distributes, delivers, or possesses with intent to distribute or deliver an imitation controlled substance." To prove that Mitchell was in violation of § 28-445, the State would have been required to prove that Mitchell (1) knowingly and intentionally (2) delivered (3) an imitation controlled substance.

Turning to the first step of our statutory-elements analysis, it is readily apparent that Mitchell could have committed the greater offense of delivery of a controlled substance without committing the lesser offense of delivery of an imitation controlled substance. Crack cocaine may be delivered without also delivering an imitation controlled substance. Therefore, delivery of an imitation controlled substance is not a lesser-included offense of delivery of a controlled substance. The first step in the analysis having failed, it is not necessary to continue to the second step of the analysis.

Because delivery of an imitation controlled substance is not a lesser-included offense of delivery of a controlled substance, the trial court properly refused Mitchell's proposed jury instruction on the lesser-included offense of delivery of an imitation controlled substance. We, therefore, reverse the judgment of the Court of Appeals and remand the cause to that court with direction to reinstate the judgment of the district court.

REVERSED AND REMANDED WITH DIRECTION.