STATE OF NEBRASKA, APPELLEE, V. ORLANDO E. PARKS, APPELLANT.

511 N.W.2d 774

Filed February 18, 1994.    No. S-93-313.

Thomas M. Kenney, Douglas County Public Defender, and Kelly S. Breen for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

FAHRNBRUCH, J.

Orlando E. Parks appeals his jury conviction of theft by receiving stolen property having a value greater than $1,500, a violation of Neb. Rev. Stat. § 28-517 (Reissue 1989). The crime is a Class III felony, Neb. Rev. Stat. § 28-518(1) (Cum. Supp. 1992), carrying a penalty of not less than 1 nor more than 20 years' imprisonment, up to a $25,000 fine, or both, Neb. Rev. Stat. § 28-105 (Reissue 1989).

Because of a faulty jury instruction, we reverse Parks' conviction and remand the cause to the district court for Douglas County for a new trial.

### STANDARD OF REVIEW

In reviewing a criminal conviction, it is not the province of an appellate court to resolve conflicts in the evidence, pass on the

credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact, and the verdict of the jury must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Thompson*, 244 Neb. 375, 507 N.W.2d 253 (1993); *State v. Russell*, 243 Neb. 106, 497 N.W.2d 393 (1993).

## FACTS

Construing the facts most favorably to the State, the record reflects the following:

On July 30, 1992, Officer Anthony Ward of the Omaha Police Division observed a white Chevrolet Blazer parked in an area he was patrolling. The Blazer looked out of place for the area that Ward knew to be a "dumping ground" for stolen vehicles. Ward ran a check on the license plate and learned that the vehicle had, in fact, been reported stolen.

Ward noted that the outer shell of the steering column of the Blazer had been broken away on the left side, revealing the steering mechanism. A motor vehicle in this condition cannot be started by using an ignition key. However, it can be started by inserting a flat object such as a screwdriver behind a small switch and pulling up. Ward testified that there was a screwdriver in the door panel when the Blazer was recovered. The owner of the vehicle testified that the screwdriver did not belong to her and that she had not left a screwdriver in the vehicle prior to the time it was stolen.

Ward placed the Blazer under surveillance. After approximately 15 minutes, Ward saw Parks approach and enter the vehicle from the driver's side. After backup officers arrived, Ward placed Parks under arrest. Parks did not start or move the Blazer during Ward's surveillance. Upon his arrest, Parks claimed to have rented the vehicle "from a dude in the projects the night before."

Parks was charged by information with theft by receiving stolen property having a value greater than $1,500. His case was tried to a jury, during which trial Parks did not testify. Parks was convicted as charged and sentenced to not less than 48 nor more than 60 months' imprisonment. He was given credit for

228 days for time served. He timely appealed his conviction to this court.

## ASSIGNMENTS OF ERROR

On appeal, Parks alleges that the trial court erred in (1) refusing to give a proposed instruction concerning unauthorized use of a propelled vehicle as a lesser-included offense of theft by receiving stolen property and (2) giving a jury instruction that authorized the jury to disregard the presumption of Parks' innocence and shifted to Parks the State's burden of proof on an essential element of the crime.

## ANALYSIS

### LESSER-INCLUDED OFFENSE

During an instruction conference, Parks requested an instruction on unauthorized operation of a propelled vehicle in violation of Neb. Rev. Stat. § 28-516 (Reissue 1989) as a lesser-included offense of theft by receiving stolen property. That request was denied by the trial court. Parks claims that under the cognate-evidence theory, he was entitled to such an instruction.

This court has recently rejected the cognate-evidence approach we adopted in *State v. Garza*, 236 Neb. 202, 459 N.W.2d 739 (1990). Instead, this court has readopted the statutory-element approach to determining whether a trial court is required to instruct on a lesser-included offense. See *State v. Williams*, 243 Neb. 959, 503 N.W.2d 561 (1993). Accord *State v. Mitchell*, 244 Neb. 574, 508 N.W.2d 552 (1993).

> "[A] court must instruct on a lesser-included offense if (1) the elements of the lesser offense for which an instruction is requested are such that one cannot commit the greater offense without simultaneously committing the lesser offense and (2) the evidence produces a rational basis for acquitting the defendant of the greater offense and convicting the defendant of the lesser offense."

*Id.* at 575-76, 508 N.W.2d at 553. Accord *State v. Williams, supra*.

For a jury to find Parks guilty of theft by receiving stolen property, the State was required to prove beyond a reasonable

doubt that Parks (1) received, retained, or disposed of (2) stolen movable property of another (3) knowing that it had been stolen, or believing it had been stolen (4) unless Parks received, retained, or disposed of the property with the intention to restore it to the owner. See § 28-517.

To convict Parks of the offense of unauthorized operation of a propelled vehicle, the State would have been required to prove beyond a reasonable doubt that Parks (1) intentionally (2) exerted unauthorized control (3) over another's propelled vehicle (4) *by operating the same* (5) without the owner's consent. See § 28-516(1).

The first step of the statutory-element analysis is dispositive of this issue. It is apparent from an examination of the elements of the two offenses that a person may commit theft by receiving stolen property without operating a propelled vehicle. Because it is possible to commit the greater offense without simultaneously committing the lesser offense, Parks was not entitled to a lesser-included offense instruction, and we need not proceed to the second step of the analysis. Parks' first assignment of error is without merit.

## INFERENCE INSTRUCTION

Parks next contends that the trial court erred in giving its jury instruction No. 9 over his objection. That instruction provides that "[p]ossession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen."

Parks argues that the words "if not satisfactorily explained" authorized the jury to disregard the presumption of Parks' innocence and relieved the State of its burden to prove beyond a reasonable doubt the element of Parks' knowledge that the Blazer in which he was found sitting had been stolen, and impermissibly shifted to him the burden of going forward with defensive evidence on that essential element of the crime.

A jury instruction which shifts the burden of proof to a defendant on any essential element of a crime charged violates a

defendant's due process right to a fair trial. See, *State v. Jasper*, 237 Neb. 754, 467 N.W.2d 855 (1991); *State v. Kipf*, 234 Neb. 227, 450 N.W.2d 397 (1990).

In objecting to the court's instruction No. 9, Parks' counsel argued to the trial court that "the instruction doesn't explain to the jury that *they have* [sic] *the option of not drawing that inference . . . .*" (Emphasis supplied.) Counsel did not submit a proposed instruction which directed the jury that it had the option not to draw the inference included in the instruction.

Instructions as to presumptions in criminal cases must conform to the requirements of Neb. Evid. R. 303(3), Neb. Rev. Stat. § 27-303(3) (Reissue 1989), which states:

> Whenever the existence of a presumed fact against the accused is submitted to the jury, the judge *shall* give an instruction that the law declares that *the jury may regard the basic facts as sufficient evidence of the presumed fact but does not require it to do so*. In addition, if the presumed fact establishes guilt or is an element of the offense or negatives a defense, the judge *shall* instruct the jury that *its existence must, on all the evidence, be proved beyond a reasonable doubt.*

(Emphasis supplied.)

Because § 27-303 is entitled "Presumptions in criminal cases" and refers to "presumed facts," while the challenged instruction is based on a common-law inference, it is necessary to first determine whether § 27-303 applies to inferences. Thus, it is instructive to review the nature of presumptions in criminal cases.

A presumption is a fact inferred from another proved or established fact or facts. *State v. Jasper, supra.* " 'An inference is a conclusion as to the existence of a particular fact reached by considering other facts in the usual course of human reasoning. . . . An inference is . . . a deduction the factfinder may in its discretion draw, but is not required to draw as a matter of law.' " *Id.* at 759, 467 N.W.2d at 859, quoting Michael H. Graham, Handbook of Federal Evidence § 301.7 at 103-04 (3d ed. 1991).

Although frequent reference is made to "presumptions" in criminal cases, a presumption that relieves the State of its

burden of proof beyond a reasonable doubt on any essential element of a crime violates a defendant's due process rights and is constitutionally impermissible. *State v. Jasper, supra*. In *Jasper*, again citing Graham, *supra*, we suggested that " '[c]larity would be fostered by reference to criminal instructed inferences rather than criminal presumptions.' " 237 Neb. at 758, 467 N.W.2d at 859. See, also, *State v. Hruza*, 223 Neb. 837, 394 N.W.2d 643 (1986) (stating that if a statutory presumption were treated as anything more than a permissible inference of fact, it would be unconstitutional).

Because presumptions in criminal cases are constitutionally infirm, and because a presumption that would relieve the State of its burden of proof on any essential element of a crime must be treated as no more than an inference, we conclude that references to "presumptions" in § 27-303 necessarily include "inferences" as well. That being the case, we now turn to the plain language of the statute to determine whether the court properly instructed the jury.

Section 27-303(3) is couched in mandatory terms. The instruction, as given in Parks' case, failed to inform the jury that it was not required to draw the stated inference. It also failed to instruct the jury that the fact of Parks' knowledge that the vehicle was stolen must "on all the evidence, be proved beyond a reasonable doubt," as required by § 27-303(3).

The trial court's failure to comply with the requirements of § 27-303(3) is grounds for reversal of a criminal conviction. See *State v. Stalder*, 231 Neb. 896, 438 N.W.2d 498 (1989). We find these omissions in the court's instruction No. 9 in Parks' case to be fatal to the constitutional validity of that instruction.

We hold that when a trial court instructs a jury on an inference regarding a specific fact or set of facts, the instruction must include that the jury may regard the basic facts as sufficient evidence of the inferred fact, but that the jury is not required to do so and that, in any event, the existence of the inferred fact must, on all the evidence, be proved beyond a reasonable doubt. In Parks' case, the trial court's failure to include these requirements in its instruction No. 9 constitutes error entitling Parks to a reversal of his conviction.

## CONCLUSION

Having found that the trial court failed to properly instruct the jury that it was not required to draw the inference contained in instruction No. 9 and that Parks' knowledge that the vehicle was stolen must on all the evidence be proved beyond a reasonable doubt, we reverse Parks' conviction and remand the cause to the district court for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

WHITE, J., concurring.

The instruction on inferences arising from other facts in evidence is both redundant and unnecessary. The standard instruction on the State's burden of proof and the instruction (NJI2d Crim. 5.0) defining direct and circumstantial evidence adequately deal with the permissible inferences.

CAPORALE, J., and GRANT, J., Retired, join in this concurrence.