# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2249

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Robert E. Lillard, | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellant. | * | |

_____

Submitted: November 18, 2004
Filed:  November 24, 2004

_____

Before MURPHY, LAY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Robert Lillard was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  During sentencing, the Government alleged that Lillard was eligible for a sentencing enhancement pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  The Government alleged that Lillard would be required to serve at least fifteen years in prison because he had previously been convicted of three "violent felonies" -- attempted robbery, robbery, and possession of a short shotgun.

The district court[1] found that each of Lillard's three prior convictions constituted a "violent felony" under § 924(e) and sentenced him to 188 months imprisonment. On appeal, Lillard argues that possession of a short shotgun is not a "violent felony" under § 924(e). He also argues that the district court erred when it found that his prior robbery convictions were separate and distinct criminal episodes for the purposes of § 924(e). Because his prior robbery convictions were consolidated for trial and sentencing in state court, Lillard argues that his two convictions for robbery should be considered a single criminal episode.

This court has found that possession of a short shotgun constitutes a "crime of violence" under § 4.B.1.2(a) of the United States Sentencing Guidelines. *United States v. Allegree*, 175 F.3d 648, 651 (8th Cir. 1999). Although § 924(e) uses the term "violent felony" rather than "crime of violence," the definitions of these terms are identical: an offense "punishable by imprisonment for a term exceeding one year" that "involves conduct that presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B)(ii); U.S.S.G. § 4.B.1.2(a)(2). In *Allegree*, we found that "[p]ossession of a sawed-off shotgun qualifies under this definition because such weapons are inherently dangerous and lack usefulness except for violent and criminal purposes." *Allegree*, 175 F.3d at 651. We find that the reasoning of *Allegree* applies equally to this case, and hold that possession of a short shotgun is a "violent felony" under § 924(e).

Lillard also argues that his two prior robbery convictions constituted a single criminal episode. Although Lillard was sentenced on the same day for two robbery convictions, the two robberies were committed more than one month apart and involved different victims. We have held that "§ 924(e) specifically notes that it is the occurrence of the criminal activity, not the conviction, that dictates the

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, presiding.

enhancement decision." *United States v. Speakman*, 330 F.3d 1080, 1083 (8th Cir. 2003). Lillard's robbery convictions are not part of a single criminal episode and were properly considered separate criminal convictions under § 924(e). *See United States v. Gray*, 152 F.3d 816, 821 (8th Cir. 1998) ("The two transactions were distinct in time, occurring on separate days, and required separate planning and execution by [the defendants].").

We affirm the judgment of the district court.

_____