# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3090

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Robert E. Lillard, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 15, 2012
Filed: July 19, 2012

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Robert Edward Lillard moved to vacate his sentence, invoking *Begay v. United States*, 553 U.S. 137 (2008). *See* **28 U.S.C. § 2255**. The district court[1] denied the motion. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This court reviews the denial of a § 2255 motion de novo. ***Hodge v. United States***, 602 F.3d 935, 937 (8th Cir.), *cert. denied*, 131 S. Ct. 334 (2010). Also

_____

[1] The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

reviewed de novo is whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act (ACCA). *See **United States v. Gordon***, 557 F.3d 623, 624 (8th Cir. 2009).

Before his latest conviction for unlawful possession of a short shotgun, Lillard had been convicted of attempted robbery, robbery, and possession of a short shotgun. The ACCA imposes a mandatory minimum penalty of 15 years if a felon-in-possession-of-a-firearm has "three previous convictions" for a "violent felony." **18 U.S.C. § 924(e)(1)**. At sentencing, the district court found that all Lillard's prior convictions were "violent felonies." This court affirmed. *See **United States v. Lillard***, 116 Fed. Appx. 49 (8th Cir. 2004).

The ACCA defines a "violent felony" as a crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

**§ 924(e)(2)(B)**. Lillard questions whether his previous conviction for possession of a short shotgun is a "violent felony." The Nebraska statute states that "any person or persons who shall transport or possess any machine gun, short rifle, or short shotgun" commits a felony. **§ 28-1203(1)**. Possession of a short shotgun does not have an element of physical force as required in clause (i) and is not listed in clause (ii). The issue in this case is whether possession of a short shotgun is a "violent felony" because it "involves conduct that presents a serious potential risk of physical injury to another." **§ 924(e)(2)(B)**.

To determine whether a conviction falls within this residual clause, the Supreme Court identifies its "closest analog" among the listed offenses and then assesses their equivalent risks. *James v. United States*, 550 U.S. 192, 193 (2007) (concluding that attempted burglary poses the same risk of violence as burglary). When comparing an offense to its closest analog, the Court considers the "offense generically" – not the circumstances of a specific violation. *United States v. Boaz*, 558 F.3d 800, 807 (8th Cir. 2009), *quoting Begay,* 553 U.S. at 141 (viewing the offense categorically "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion"). The residual clause includes those crimes "roughly similar, in kind as well as in degree of risk posed, to the examples themselves." *Begay*, 553 U.S. at 143. The *Begay* Court found that all the listed crimes involve conduct that makes an offender, later possessing a gun, more likely to deliberately harm a victim. *Id.* at 145 (holding that DUI is unlike the listed crimes), at 146 (noting that the ACCA focuses on the "special danger" created when violent offenders possess guns). *See also Chambers v. United States*, 555 U.S. 122, 123 (2009) (failing to report for confinement is inaction, unlike the conduct inherent in the listed crimes). If the crime categorically presents a risk like those listed, then it "involves conduct that presents a serious potential risk of physical injury to another." *Sykes v. Unites States*, 564 U.S. __, __, 131 S. Ct. 2267, 2276 (2011) (fleeing-from-police-in-a-vehicle categorically presents "a more certain risk" than burglary).

The district court here determined that possession of a short shotgun is "roughly similar, in kind as well as degree of risk posed" to the listed offenses in clause (ii). *See United States v. Vincent*, 575 F.3d 820 (8th Cir. 2009)*, applying Begay*[2] and *Chambers*. Lillard contends that the offense at issue - possession of a

---

[2] In this case, the government assumes *Begay*'s retroactivity because the rule appears to be substantive. *Welch v. United States*, 604 F.3d 408, 414-15 (7th Cir. 2010) (finding *Begay* applied retroactively because a statutory rule increasing the allowable sentence on the basis of a prior conviction is substantive in nature), *cert.*

short shotgun - is a crime of strict liability, and that *Sykes* directs a court also to evaluate whether the offender's conduct was "purposeful, violent, and aggressive.*"* Lillard's premise is wrong: Nebraska law requires "willful, intentional, and knowing" possession of a short shotgun. **State v. Jasper**, 467 N.W.2d 855, 862 (Neb. 1991). A defendant unlawfully possesses a short shotgun when the defendant *knows* of its nature as well as its presence, and has dominion or control over the gun.[3] *See id.* at 861 (holding that the proof-of-possession standard for controlled substances applies to illegal firearms); *cf.* **NJI2d Crim. 4.2** ("'Possession' of *(here insert object allegedly possessed)* means either knowingly having it on one's person or knowing of the object's presence and having control over the object"). Only when an offense is "akin to strict liability, negligence, and recklessness crimes" must a court inquire into the purposeful, violent, and aggressive nature of the offense; otherwise, risk is the dispositive factor. **Sykes**, 131 S. Ct. at 2275-76. Possession of a short shotgun in Nebraska is not a crime of strict liability, negligence, or recklessness. Further inquiry into the nature of Lillard's conduct is "redundant with the inquiry into risk." **Id.** at 2275; *see* **United States v. Watson**, 650 F.3d 1084, 1093 (8th Cir. 2011) (applying *Sykes* to conclude that possession of a firearm during drug trafficking is not a crime of strict liability, negligence, or recklessness, and does not require a "purposeful, violent, and aggressive" inquiry).

---

*denied*, 131 S. Ct. 3019 (2011), *interpreting* **Schriro v. Summerlin**, 542 U.S. 348, 351-52 (2004) ("[n]ew substantive rules generally apply retroactively"). *See generally* **Sun Bear v. United States**, 644 F.3d 700, 703 (8th Cir. 2011) (en banc) (recognizing the United States has conceded retroactivity in previous § 2255 proceedings).

[3]Lillard constructively possessed a short shotgun, but Nebraska law treats constructive possession and possession equally. *See* **State v. Frieze**, 525 N.W.2d 646, 653 (Neb. 1994) ("constructive possession applies to possession of a short shotgun under § 28–1203").

Possession of a short shotgun in Nebraska categorically presents a degree of risk roughly similar to the listed offenses. Short shotguns are inherently dangerous because they are not useful "except for violent and criminal purposes." *United States v. Childs*, 403 F.3d 970, 971 (8th Cir. 2005), *quoting United States v. Allegree*, 175 F.3d 648, 651 (8th Cir. 1999) (possession of a short shotgun is a "crime of violence under U.S.S.G. § 4B1.2"). Possession of a short shotgun indicates that the offender "is 'prepared to use violence if necessary' and is ready 'to enter into conflict, which in turn creates a danger for those surrounding'" the offender. *United States v. Boyce*, 633 F.3d 708, 712 (8th Cir. 2011) (holding that possession of a weapon in a correctional facility creates danger like the listed offenses), *quoting United States v. Zuniga*, 553 F.3d 1330, 1335–36 (10th Cir. 2009), *cert. denied*, 132 S. Ct. 1002 (2012). *See also United States v. Marquez*, 626 F.3d 214, 221 (5th Cir. 2010) (possession of a dangerous weapon is purposeful conduct that creates a risk for future violence); *but see United States v. Polk*, 577 F.3d 515 (3d Cir. 2009) (holding that possession of a dangerous weapon is passive and does not involve purposeful, violent, and aggressive conduct). Possession of a short shotgun presents a "risk as a categorical matter" at least equal to attempted burglary and fleeing from police in a vehicle – both "violent felonies" for the purposes of ACCA. *James*, 550 U.S. at 212; *Sykes*, 131 S. Ct. at 2274. Possession of a short shotgun creates an extreme "likelihood that the offender is the kind of person who might deliberately point the gun and pull the trigger." *Id.*, *quoting Begay*, 553 U.S. at 146 (quotations omitted). It is illegal to possess a short shotgun "precisely because it enables violence or the threat of violence." *Vincent*, 575 F.3d at 825-26. A felon possessing a weapon with no lawful purpose creates a serious potential for danger to others. *See id.* at 825.

The district court reasoned that possession of a short shotgun is roughly similar in kind to the use of explosives. Lillard objects that the use of explosives has collateral consequences "not present to the same degree or certainty in the mere *possession* of a firearm." Short shotguns, however, are analogous to explosives in

that both can inflict "indiscriminate carnage." ***Id.*** at 826; s*ee **United States v. Upton***, 512 F3d 394, 404 (7th Cir. 2008) ("[T]he shortened barrel . . . increases the spread of the shot when firing at close range—[a fact] that spurred Congress to require the registration of all sawed-off shotguns, along with other dangerous weapons like bazookas, mortars, pipe bombs, and machine guns."); ***United States v. Hall***, 972 F.2d 67, 70 (4th Cir. 1992) (a short shotgun is "easier to conceal and wield"). The Sentencing Commission has declared that possession of a sawed-off shotgun – and the use of explosives – are "crimes of violence," a term interchangeable with "violent felonies." ***Vincent***, 575 F.3d at 826, *citing* **U.S.S.G. § 4B1.2, cmt. n. 1** ("crime of violence" includes "[u]nlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (*e.g.,* a sawed-off shotgun or sawed-off rifle, silencer, bomb, or machine gun)"); *see **United States v. Hood***, 628 F.3d 669, 672 (4th Cir. 2010) *cert. denied*, 131 S. Ct. 2138 (2011) (citing U.S.S.G. § 4B1.2, cmt. n. 1 to support that felony-short-shotgun-possession is a "crime of violence")*, following **United States v. Hawkins***, 554 F.3d 615, 618 (6th Cir. 2009). *But see **United States v. McGill***, 618 F.3d 1273, 1279 (11th Cir. 2010) (holding that possession of a short-barreled shotgun is not "similar in kind" to the use of explosives because of the different meaning between "possess" and "use"). Possession of a short shotgun presents the type of danger similar in kind to the use of explosives.

Possession of a short shotgun presents a serious potential risk of physical injury to another because it is roughly similar to the listed offenses within the ACCA, both in kind as well as the degree of risk for harm posed. Lillard's possession of a short shotgun is a violent felony.

*******

The judgment of the district court is affirmed.

_____