# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1590

_____

United States of America

*Plaintiff - Appellee*

v.

Wendell Terrell Brown

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 21, 2013
Filed: October 30, 2013

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Wendell Terrell Brown pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He appeals, attacking the use in his sentencing of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). He also argues that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. Rejecting

Brown's arguments, the district court[1] sentenced him to the ACCA's mandatory minimum 180 months' imprisonment. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

The ACCA imposes a mandatory minimum of 180 months if a felon in possession of a firearm has three prior convictions for violent felonies or serious drug offenses. **18 U.S.C. § 924(e)(1).** At sentencing, the district court found that three of Brown's prior convictions—for terroristic threats, possession of a short-barreled shotgun, and sale of a controlled substance—triggered this mandatory minimum. Brown objected, arguing that the shotgun conviction is not a violent felony. This court reviews de novo whether a prior conviction qualifies as a predicate offense under the ACCA. *United States v. Lillard*, 685 F.3d 773, 774 (8th Cir. 2012), *citing United States v. Gordon*, 557 F.3d 623, 624 (8th Cir. 2009).

The ACCA defines a "violent felony" as a crime punishable by a term of imprisonment exceeding one year that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

**18 U.S.C. § 924(e)(2)(B)**.

---

[1] The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

Brown violated a Minnesota statute providing that "whoever owns, possesses, or operates . . . a short-barreled shotgun may be sentenced to imprisonment for not more than five years." **Minn. Stat. § 609.67 (1993).** This crime does not have an element of force as required in clause (i) and is not listed in clause (ii). The issue is whether possession of a short-barreled shotgun is within the residual "otherwise" clause of § 924(e)(2)(B)(ii).

To fall within the residual clause, the prior offense must "present[] a serious potential risk of physical injury to another" and be "roughly similar, in kind as well as degree of risk posed" to the offenses listed in § 924(e)(2)(B)(ii). ***United States v. Vincent,*** 575 F.3d 820, 826 (8th Cir. 2009) (citations omitted).

> To determine whether a conviction falls within this residual clause, the Supreme Court identifies its "closest analog" among the listed offenses and then assesses their equivalent risks. *James v. United States*, 550 U.S. 192, 193 (2007) (concluding that attempted burglary poses the same risk of violence as burglary). When comparing an offense to its closest analog, the Court considers the "offense generically"—not the circumstances of a specific violation. *United States v. Boaz*, 558 F.3d 800, 807 (8th Cir. 2009), *quoting Begay,* 553 U.S. at 141 (viewing the offense categorically "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion"). The residual clause includes those crimes "roughly similar, in kind as well as in degree of risk posed, to the examples themselves." *Begay*, 553 U.S. at 143. The *Begay* Court found that all the listed crimes involve conduct that makes an offender, later possessing a gun, more likely to deliberately harm a victim. *Id.* at 145 (holding that DUI is unlike the listed crimes), at 146 (noting that the ACCA focuses on the "special danger" created when violent offenders possess guns). *See also Chambers v. United States*, 555 U.S. 122, 123 (2009) (failing to report for confinement is inaction, unlike the conduct inherent in the listed crimes). If the crime categorically presents a risk like those listed, then it "involves conduct that presents a serious potential risk of physical injury to another." *Sykes v. Unites States*, 564

U.S. __, __, 131 S. Ct. 2267, 2276 (2011) (fleeing-from-police-in-a-vehicle categorically presents "a more certain risk" than burglary).

*Lillard*, 685 F.3d at 775. This court has previously held, under Nebraska and Arkansas law, that possession of a short-barreled shotgun is within the residual clause. *Id*. at 776; *Vincent,* 575 F.3d at 827.

Brown argues that the Minnesota statute is distinguishable because it has no express mens rea. The parties dispute whether in Minnesota, when no *mens rea* is included in the definition of an offense, criminal intent is an element of the offense. *See* **Minn. Stat. § 609.02(9) (1997)**. This court will assume that possession of a short-barreled shotgun was a strict liability crime when Brown committed it in 1998.[2] In contrast, the statutes in *Lillard* and *Vincent* had stringent *mens rea* requirements. *Lillard*, 685 F.3d at 776; *Vincent*, 575 F.3d at 826. When an "offense is 'akin to strict liability,'" a "court must inquire into the purposeful, violent, and aggressive nature of the offense; otherwise, risk is the dispositive factor." *Lillard*, 685 F.3d at 776, *quoting* ***Sykes***, 131 S. Ct. at 2275-76. However, "[i]n many cases the purposeful, violent, and aggressive inquiry will be redundant with the inquiry into risk, for crimes that fall within the former formulation and those that present serious potential risks of physical injury to others tend to be one and the same." *Sykes*, 131 S. Ct. at 2275.

Possession of a short-barreled shotgun is categorically purposeful, violent, and aggressive. "Short shotguns are inherently dangerous because they are not useful 'except for violent and criminal purposes.'" ***Lillard***, 685 F.3d at 775*, quoting* ***United***

---

[2] The current pattern jury instruction recommends an express mental state of knowledge of the fact that the gun is a short-barreled shotgun. *See* **Minn. Dist. Judges Ass'n, 10A Minnesota Practice, Jury Instruction Guide, CRIMJIG 32.44 (5th ed. supp. 2012)**. Previous pattern jury instructions did not include an instruction for Minn. Stat. § 609.67 (1993).

*States v. Childs*, 403 F.3d 970, 971 (8th Cir. 2005), *quoting United States v. Allegree*, 175 F.3d 648, 651 (8th Cir. 1999) (possession of a short shotgun is a "crime of violence under U.S.S.G. § 4B1.2"). Possession of a short-barreled shotgun indicates that the offender is prepared to use violence if necessary and is ready to enter into conflict. *Lillard*, 685 F.3d at 776 (citations omitted). "It is illegal to possess a short shotgun 'precisely because it enables violence or the threat of violence.'" *Lillard*, 685 F.3d at 777, *quoting Vincent*, 575 F.3d at 826.

Possession of a short-barreled shotgun presents a serious potential risk of physical injury to others and is similar, in kind as well as degree of risk posed, to the offenses listed in § 924(e)(2)(B)(ii). The district court properly ruled that Brown's conviction is an ACCA-qualifying felony.

II.

Brown also contends that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. Citing Justice Scalia's dissenting opinions in recent ACCA cases, Brown claims the residual clause does not give fair notice of what crimes trigger the statute's application. Reviewing Brown's constitutional claim de novo, *United States v. Smith*, 656 F.3d 821, 826 (8th Cir. 2011), this court disagrees. The Supreme Court has rejected this argument twice in recent years. *Sykes*, 131 S. Ct. at 2277; *James v. United States*, 550 U.S. 192, 210 n.6 (2007)("[W]e are not persuaded by Justice Scalia's suggestion . . . that the residual provision is unconstitutionally vague."). The district court properly rejected Brown's contention. *See also United States v. Ramsey*, 498 Fed. Appx. 653 (8th Cir. 2013) (unpublished) (rejecting a claim that the residual clause is vague).

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____