# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1590

_____

United States of America

*Plaintiff - Appellee*

v.

Wendell Terrell Brown

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: August 4, 2015
Filed: August 7, 2015
[Published]

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

This court previously affirmed Wendell Terrell Brown's sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See United States v. Brown*, 734 F.3d 824 (8th Cir. 2013). The Supreme Court granted certiorari, vacated the judgment, and remanded for reconsideration in light of *Johnson v. United States*,

135 S. Ct. 2551 (2015). Having jurisdiction under 28 U.S.C. § 1291, this court vacates Brown's sentence and remands.

Brown pled guilty to possessing a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced him as an armed career criminal to 180 months' imprisonment. *See* § 924(e)(1) (mandatory minimum of 180 months if a felon in possession of a firearm has three prior convictions for violent felonies or serious drug offenses). At sentencing, it found Brown had three predicate convictions, including possession of a short-barreled shotgun. This court affirmed, agreeing that the shotgun conviction was a violent felony under the ACCA's "residual clause." *See* § 924(e)(2)(B)(ii) (crime is a violent felony if it "otherwise involves conduct that presents a serious potential risk of physical injury to another").

In *Johnson*, the Supreme Court struck down the residual clause as unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2556-57 (noting vagueness in criminal statutes is prohibited by due process). In light of *Johnson*, Brown's shotgun conviction is not a violent felony under the ACCA. Thus, the district court erred by sentencing him as an armed career criminal based on only two qualifying convictions.

The judgment is vacated and the case remanded for resentencing consistent with this opinion.

———————————————