# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2701

_____

United States of America,        *
                                   *

          Appellee,        *

                                   *     Appeal from the United States

       v.        *     District Court for the

                                   *     Northern District of Iowa.

Moses Childs, Jr.,        *

                                   *

         Appellant.        *

_____

Submitted: December 15, 2004
Filed: April 11, 2005

_____

Before BYE, HANSEN, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Moses Childs, Jr. ("Childs"), appeals the sentence the district court[1] imposed upon him based on its findings that he had three prior convictions for violent felonies under 18 U.S.C. § 924(e).  We affirm.

_____

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Childs pled guilty to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). The Armed Career Criminal Act of 1984, as amended in 1986, imposes a fifteen-year mandatory minimum sentence on any person who violates § 922(g) and "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e). Pursuant to his plea agreement, Childs admitted four prior state-court convictions but reserved the right to argue that those convictions were not violent felonies under § 924(e).

To invoke the mandatory minimum sentence of § 924(e), the Government alleged in Childs' indictment that the following four Wisconsin state court convictions were violent felonies: possession of a short-barreled shotgun, battery while armed with a dangerous weapon, second degree recklessly endangering safety, and escape. The district court found that all four prior offenses listed in Childs' indictment were violent felonies under § 924(e) and imposed the mandatory minimum fifteen-year sentence.

Childs appeals the district court's findings that his convictions for possession of a short-barreled (or "sawed-off") shotgun and a "walk-away" escape are violent felonies under § 924(e). Because the indictment alleges four prior violent felonies, and § 924(e) only requires three for the "armed career criminal" enhancement, Childs is entitled to relief only if this Court holds that neither possession of a sawed-off shotgun nor escape constitute violent felonies under § 924(e).

This Court reviews whether a prior offense constitutes a violent felony under § 924(e) de novo. *United States v. Sumlin*, 147 F.3d 763, 765 (8th Cir. 1998).

First, we reject Childs' claim that possession of a short-barreled shotgun is not a violent felony as defined in § 924(e). Section 924(e)(2) provides that "the term 'violent felony' means . . . any act of juvenile delinquency involving the use or

carrying of a firearm . . . that . . . involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e). Childs' conviction of possession of a short-barreled shotgun occurred when he was fifteen years old, and this Court has noted previously that sawed-off shotguns "are inherently dangerous and lack usefulness except for violent and criminal purposes." *United States v. Allegree*, 175 F.3d 648, 651 (8th Cir. 1999) (holding that possession of a sawed-off shotgun is a "crime of violence" under U.S.S.G. § 4B1.2); *see also United States v. Nolan*, 397 F.3d 665, 666 (8th Cir. 2005) ("We construe 'violent felony' under 18 U.S.C. § 924(e)(2)(B)(ii) to have the same meaning as 'crime of violence' under U.S.S.G. § 4B1.2."). Thus, under the plain language of § 924(e) and our prior precedent, possession of a short-barreled shotgun is a violent felony under § 924(e).

Second, even if possession of a short-barreled shotgun were not a violent felony, this Court has held that escape, including "walkaway escape," is a violent felony under § 924(e). *United States v. Abernathy*, 277 F.3d 1048, 1051 (8th Cir. 2002) (following *United States v. Nation*, 243 F.3d 467, 472 (8th Cir. 2001) (holding that a "walkaway escape" was a crime of violence under U.S.S.G. § 4B1.2)). Thus, both of Childs' arguments fail, and the district court properly imposed the "armed career criminal" enhancement.

In addition, Childs argues that § 924(e) is unconstitutionally vague. We agree with every other circuit that has considered this argument and hold that it has no merit. *See United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995); *United States v. Sorenson*, 914 F.2d 173, 175 (9th Cir. 1990).

Finally, Childs filed two motions for leave to file supplemental briefs, both of which we denied. Childs filed his first motion after the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005). We denied that motion because *Booker*, which held unconstitutional the mandatory application of the United States Sentencing Guidelines, is wholly inapposite to our review of Childs' sentence. Not

only was Childs' sentence based upon the mandatory minimum sentence provided in § 924(e) rather than an application of the sentencing guidelines, but also *Booker* re-affirmed established Supreme Court precedent that a court, not a jury, determines the fact of a prior conviction. *Booker*, 125 S. Ct. at 756; *Nolan*, 397 F.3d at 667 n.2. Thus, we denied Childs' motion to file a supplemental brief pursuant to *Booker* because the *Booker* decision provides Childs no relief. *See United States v. Painter*, 400 F.3d 1111, 1111 (8th Cir. 2005) (noting that a sentence "mandated by" § 924(e) is "free of error" under *Booker*).

Childs filed a second motion for supplemental briefing after the Supreme Court decided *Shepard v. United States*, 125 S. Ct. 1254 (2005). In *Shepard*, the Supreme Court held that a court may not look beyond "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" to determine whether a conviction is a violent felony under § 924(e). *Id.* at 1263; *see also Taylor v. United States,* 495 U.S. 575, 602 (1990). The *Shepard* Court, however, did not overrule *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998), which held that the fact of a prior conviction is not an element of an offense that must to proven to a jury beyond a reasonable doubt. *See Shepard,* 125 S. Ct. at 1264 (Thomas, J., concurring) (noting that "this Court has not yet reconsidered *Almendarez-Torres v. United States*"); *Apprendi v. New Jersey*, 530 U.S. 466, 488-90 (2000). In this case, the district court considered only the charging documents and Childs' admissions to convictions to find that Childs' four prior convictions were violent felonies. For that reason *Shepard* also affords Childs no relief. *See Painter*, 400 F.3d at 1114.

For the reasons stated above, we affirm.

_____