# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2120

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Juan Gonzalez-Torres, | * | Southern District of Iowa. |
| | * | |
| Appellant, | * | [UNPUBLISHED] |
| | * | |

_____

Submitted: May 31, 2005
Filed: June 8, 2005

_____

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Juan Gonzalez-Torres (Gonzalez) pleaded guilty to illegally reentering the United States after being deported, in violation of 8 U.S.C. § 1326(a). The district court[1] found Gonzalez was subject to a 16-level enhancement based on a prior conviction, and sentenced him to 70 months in prison and 2 years supervised release. On appeal, counsel initially filed a brief under Anders v. California, 386 U.S. 738

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

(1967), arguing that the district court erred in not granting a downward departure from the Guidelines range. Counsel later filed motions in this court (1) to file a supplemental brief so that he may raise the issue whether the facts underlying Gonzalez's 16-level enhancement needed to be found by a jury; and (2) to remand for resentencing based on Booker v. United States, 125 S. Ct. 738 (2005).

The district court stated at sentencing that reentry under duress was a permissible basis for departure but did not justify departure here, that Gonzalez's criminal history category was appropriately determined, and that Gonzalez's case was not extraordinary. These statements indicate the court was aware of its authority to depart, and thus, the court's refusal to depart is unreviewable. See United States v. Mohr, No. 03-3533, 2005 WL 1060574, at *3 (8th Cir. May 6, 2005) (per curiam) (denial of downward departure unreviewable where district court was aware of its authority to depart). Gonzalez's claim that the facts underlying his 16-level enhancement needed to be found by a jury also fails, as the enhancement was based on the fact of a prior conviction. See Booker, 125 S. Ct. at 756 (reaffirming that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"); United States v. Childs, 403 F.3d 970, 972 (8th Cir. 2005) ("Booker re-affirmed established Supreme Court precedent that a court, not a jury, determines the fact of a prior conviction"); United States v. Marcussen, 403 F.3d 982, 984 (8th Cir. 2005) (rejecting argument that nature of prior conviction is to be treated differently from fact of prior conviction).

Finally, we review for plain error whether Gonzalez's sentence was illegal because he was sentenced under mandatory Guidelines, and we conclude that reversal is not warranted. Although there was error in using the mandatory scheme, and the error was plain, it did not affect Gonzalez's substantial rights, as he cannot show a reasonable probability that, but for the error, he would have received a more favorable

sentence.  See United States v. Pirani, No. 03-2871, slip op. at 12 & n.6 (8th Cir. Apr. 29, 2005) (en banc) (sentencing at bottom of Guidelines range and expressing dislike of Guidelines was not sufficient to establish reasonable probability that district court would have imposed more lenient sentence).

We have also carefully reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues.  Accordingly, we affirm the district court's judgment.  We deny the appellate motions.

_____