**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

　　v.

CARLOS MENDOZA-VERDUZCO
aka Miguel Mendoza Barajas aka
Carlios,

　　　　Defendant - Appellant.

No. 04-8114

(D.C. No. 03-CR-165-D)

(D. Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

---

Defendant Carlos Mendoza-Verduzco was indicted, along with several

other individuals, on a single count of conspiring to possess with intent to

distribute and distribution of more than 500 grams of methamphetamine, in

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). He entered a guilty plea after

negotiating a plea agreement. The agreement included the following statement:

**RELEVANT CONDUCT:**

8.      Defendant has been advised of § 1B1.3 of the
Sentencing Guidelines regarding use of relevant conduct in
establishing sentence and has read the advisement regarding
supervised release as stated in this Plea Agreement. The
United States and the Defendant hereby stipulate and agree that the
Defendant's relevant conduct in this conspiracy involved at least 1.5
kilograms but no more than 5 kilograms of methamphetamine.

R. Vol. I Doc. 252 at 5. The stipulated amount of methamphetamine requires a

10-year mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(A)(viii).

At the hearing on Defendant's guilty plea the court engaged in the

following colloquy regarding the stipulated amount:

**THE COURT:** The quantity of drugs that you're stipulating
to, again, is sufficient to establish the ten-year mandatory minimum?

**[Government Counsel]:** Yes, sir.

**THE COURT:** Are you satisfied, counsel, as to the quantity of
drugs involved in this matter?

**[Defense Counsel]:** Yes.

**THE COURT:** And what is your estimate of that drug
quantity?

**[Defense Counsel]:** Somewhere in the neighborhood of
between 1½ to 5 kilograms.

**THE COURT:** Do you agree with that, Mr. Mendoza?

**THE DEFENDANT:** Yes.

R. Vol. II at 33. The presentence report (PSR) agreed with the stipulated amount and, based on two prior firearms convictions, awarded Defendant three criminal history points, placing him in criminal history category II. Defendant's final base offense level of 31—his total offense level of 34, *see United States Sentencing Guidelines* (USSG) § 2D1.1 (c)(3), minus three levels for acceptance of responsibility, *see* USSG § 3E1.1 (a)-(b)—and his criminal history category yielded a guidelines sentencing range of 121-151 months. Defendant raised no objection to the PSR.

At the September 30, 2004, sentencing hearing, the government moved the court to sentence Defendant to the 120-month statutory minimum because it was only one month less than the guidelines minimum and the minimum sentence "would eliminate any prospective issue with respect to *Blakely* [*v. Washington*, 124 S. Ct. 2531 (2004)]." R. Vol. III at 5-6. The court granted the motion because it was a small departure, did not go below the mandatory minimum, and eliminated potential *Blakely* issues. Defendant's only objection was that application to him of § 841(b)(1)(A)'s mandatory minimum was unconstitutional because it amounted to cruel and unusual punishment in violation of the Eighth Amendment. The district court declined to declare the statute unconstitutional and sentenced Defendant to 120 months' imprisonment.

On appeal, Defendant's counsel filed an *Anders* brief, *see Anders v. California*, 386 U.S. 738 (1967). Appellate counsel who believes an appeal to be "wholly frivolous, after a conscientious examination," may file a brief with the court requesting permission to withdraw, but must inform the court of "anything in the record that might arguably support the appeal." *Id.* at 744. The defendant is then given a chance to "raise any points that he chooses"; and the court, "after a full examination of all the proceedings, . . . decide[s] whether the case is wholly frivolous." *Id.* In compliance with *Anders*, counsel provided Defendant with a copy of his appellate brief and Defendant filed a pro se reply and a motion for appointment of new counsel.

The *Anders* brief and Defendant's reply raise the following arguments: (1) the district court erred in imposing the 10-year mandatory minimum; (2) Defendant's criminal history was calculated incorrectly; (3) Defendant was entitled to a "safety valve" departure under 18 U.S.C. § 3553(f); (4) the 120-month sentence is cruel and unusual; (5) the sentence violated *United States v. Booker*, 125 S. Ct. 738 (2005); and (6) he was provided ineffective assistance of counsel.

The first argument is frivolous because Defendant stipulated to facts requiring the district court to impose the 10-year mandatory minimum sentence. As for the second argument, Defendant objects to his criminal history calculation

-4-

on two grounds. First, he claims that his prior convictions for operating a motor vehicle without a license overrepresent his criminal history. But no criminal history points were awarded for any of those convictions. Second, he claims that an evidentiary hearing was necessary because the only evidence of the convictions was the PSR's statement of their existence. But he neither requested such a hearing nor objected at sentencing, so the PSR's assertions are deemed admitted. *United States v. Shinault*, 147 F.3d 1266, 1277, 1278 (10th Cir. 1998).

Defendant's third argument is also without merit. "Safety valve" departures are limited to defendants who have no more than one criminal history point and who proffered information to the government. 18 U.S.C. § 3553(f)(1) and (5). Defendant meets neither requirement.

Defendant's cruel-and-unusual-punishment argument fails because the sentence is required by statute and not grossly disproportionate. *See United States v. Youngpeter*, 986 F.2d 349, 355 (10th Cir. 1993). And his ineffective-assistance-of-counsel claim cannot be raised on this appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995)(en banc) (ineffective-assistance-of-counsel claims must be brought on collateral review, not direct appeal).

Finally, *Booker* is irrelevant because Defendant was sentenced under § 841's mandatory minimum, not the Sentencing Guidelines. *See United States v.*

*Williams*, 403 F.3d 1188, 1202 (10th Cir. 2005) (Murphy, J, concurring and dissenting) (noting that mandatory minimums are unaffected by *Booker*); *United States v. Childs*, 403 F.3d 970, 972 (8th Cir. 2005) (noting *Booker* is "wholly inapposite" when reviewing mandatory minimum sentences).

For the foregoing reasons, Defendant's sentence is AFFIRMED. Furthermore, we have conducted our own review of the record and agree that the appeal in this case is wholly frivolous and GRANT counsel's *Anders* motion to withdraw. Defendant's motion for appointment of new counsel is DENIED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge