# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1536

———————

United States of America,                    *
                                             *
            Appellee,                        *
                                             *    Appeal from the United States
      v.                                     *    District Court for the
                                             *    Southern District of Iowa.
Macedonio Castillo-Hernandez,                *
                                             *       [UNPUBLISHED]
            Appellant.                       *


———————

Submitted: June 16, 2005
Filed:  July 5, 2005

———————

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

       A jury found Macedonio Castillo-Hernandez ("Castillo") guilty of conspiring to distribute at least 500 grams of a substance containing methamphetamine in March and April 2003 (Count I), and of distributing at least 50 grams of a substance containing methamphetamine on March 12, 2003 (Count II), in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii), and 841(b)(1)(B).  The district court[1] sentenced him to 240 months in prison, which was the statutory minimum because he had a prior felony

_____

       [1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

drug conviction, and 10 years' supervised release. On appeal, counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the evidence was insufficient to support the jury's verdict and that the district court erred in admitting hearsay testimony, in applying the statutory mandatory minimum (because it is unconstitutional and results in sentencing disparity), and in denying a minor-role reduction. Castillo has filed a pro se motion, in which he argues that his sentence violates United States v. Booker, 125 S. Ct. 738 (2005). We affirm.

This court reviews the sufficiency of the evidence "in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." United States v. Ramirez, 350 F.3d 780, 783 (8th Cir. 2003) (quoting United States v. Espino, 317 F.3d 788, 792 (8th Cir. 2003)) (internal quotation omitted). We conclude that the evidence was sufficient to support Castillo's conviction on both counts. As to Count II, although Castillo was not involved in the actual transfer of methamphetamine on March 12, he quoted the price to the undercover officer, led the officer to the site of the transfer, introduced him to Raul Munoz Lopez, telling the officer that he trusted Lopez, and stood by while Lopez made the transfer. As to Count I, the same evidence shows that Castillo conspired with Lopez to distribute drugs on March 12, and the jury could have found from other evidence that the later drug sales in March and April were foreseeable: Castillo told the officer that he should deal with Lopez when Castillo was not around, and that the officer and Lopez should exchange telephone numbers. See United States v. Alexander, 408 F.3d 1003, 1009 (8th Cir. 2005) (in jointly undertaken criminal activity, defendant is accountable for his own conduct and conduct of others that was in furtherance of the activity and reasonably foreseeable).

We also find that the district court did not clearly err in admitting Lopez's out-of-court statements, see United States v. Edwards, 994 F.2d 417, 421 (8th Cir. 1993)

(standard of review), and counsel's constitutional challenge to the 20-year mandatory minimum sentence fails as well, see United States v. Prior, 107 F.3d 654, 658-60 (8th Cir. 1997) (mandatory life sentence under § 841(b)(1)(A)(viii) does not violate due process or Eighth Amendment), cert. denied, 522 U.S. 824 (1997); United States v. Reeves, 83 F.3d 203, 207 (8th Cir. 1996) (challenge to sentence as disproportionate to codefendant's is precluded by prior precedent). Counsel's argument that Castillo is entitled to a mitigating-role reduction is moot, as the statutory minimum sentence applies.

Finally, the Booker challenge raised in Castillo's pro se appellate motion is meritless, as his 20-year mandatory minimum sentence was based on the jury's finding that the offense involved at least 500 grams of a substance containing methamphetamine, and the fact of a prior conviction. See Booker, 125 S. Ct. at 756 (reaffirming that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"); United States v. Childs, 403 F.3d 970, 972 (8th Cir. 2005) (noting that "Booker re-affirmed established Supreme Court precedent that a court, not a jury, determines the fact of a prior conviction").

We have carefully reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues. Accordingly, we affirm the district court's judgment, deny appellant's motion, and grant counsel leave to withdraw.

_____