# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1254

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| Michael Jackson, Jr., | * | District of Arkansas. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: September 2, 2004
Filed: July 22, 2005

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Michael Jackson, Jr. (Jackson), pled guilty to knowingly possessing a firearm transported in interstate commerce after he had been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1); the district court[1] sentenced him to 120 months' imprisonment and 3 years' supervised release. On appeal, counsel initially moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), stating there were no issues for appeal. We subsequently granted counsel leave to file a supplemental brief in light of United States v. Booker, 125 S. Ct. 738 (2005), in

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

which counsel argues Jackson's sentence violated the Sixth Amendment, because the sentence was enhanced based on judicial factfinding as to the nature–not the mere existence–of prior convictions (i.e., finding they were crimes of violence), and as to the use of the firearm in connection with another felony offense (carjacking). Counsel also argues Jackson was unconstitutionally sentenced under mandatory Guidelines.

We review for plain error, as Jackson did not make any arguments in the district court to preserve these Booker issues. See United States v. Pirani, 406 F.3d 543, 549-50 (8th Cir. 2005) (en banc). We find no error in the sentence enhancement for prior convictions. See Booker, 125 S. Ct. at 756 (reaffirming that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"); United States v. Childs, 403 F.3d 970, 972 (8th Cir. 2005) ("Booker re-affirmed established Supreme Court precedent that a court, not a jury, determines the fact of a prior conviction"); United States v. Marcussen, 403 F.3d 982, 984 (8th Cir. 2005) (rejecting argument that nature of prior conviction is to be treated differently from fact of prior conviction). While it was error for the district court to make the carjacking finding and impose Jackson's sentence under mandatory Guidelines, and the error was plain, it did not affect Jackson's substantial rights, as he has not shown a reasonable probability that, but for the error, he would have received a more favorable sentence. See Pirani, 406 F.3d at 553. Further, we find no basis to exercise our discretion to remand for resentencing. Johnson v. United States, 520 U.S. 461, 467 (1997).

Following our independent review, see Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the sentence, and we grant counsel's motion to withdraw.

_____