**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

WILLIE JOE JOHNSON,

      Defendant-Appellant.

No. 05-8016

(D. Wyoming)

(D.C. No. 04-CR-141-J)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Willie Joe Johnson pleaded guilty to a firearm and drug offense in December 2004. The district court sentenced him as an armed career criminal to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

180 months' imprisonment, taking account of his prior convictions. Mr. Johnson argues on appeal that (1) the district court should not have made factual findings about his prior criminal convictions, and (2) his mandatory minimum sentence as an armed career criminal was unconstitutional. We exercise jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We reject Mr. Johnson's arguments and affirm the district court's sentence.

## I. BACKGROUND

On December 3, 2004, Mr. Johnson pleaded guilty to (i) being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and (ii) possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The pre-sentence report ("PSR"), which Mr. Johnson does not challenge, concluded that he had previous convictions for two violent felonies and a serious drug offense, as defined by 18 U.S.C. § 924(e). As a result, his PSR indicated that he qualified for sentencing as an armed career criminal under 18 U.S.C. § 924(e), with a mandatory minimum sentence of 180 months' imprisonment. Mr. Johnson objected to his sentencing as an armed career criminal, citing *United States v. Booker*, 125 S. Ct. 738 (2005), and *Blakely v. Washington*, 124 S. Ct. 2531 (2004). He argued that (1) he did not specifically admit such prior convictions, and a jury had not found the prior convictions beyond a reasonable doubt; and (2)

his fifteen-year mandatory minimum sentence was unconstitutional. The district court overruled his objections and sentenced him to 180 months' imprisonment.

## II.  DISCUSSION

"On sentence appeals we review the sentencing court's . . . legal conclusions de novo." *United States v. Salazar-Samaniega*, 361 F.3d 1271, 1275 (10th Cir. 2004).

A.    <u>Findings regarding prior convictions</u>

Mr. Johnson first argues that the existence of his prior convictions should only "be authorized by a jury verdict or a defendant's admission." Aplt's Br. at 6. He primarily contends that *Almendarez-Torres v. United States*, 523 U.S. 224 (1997) was wrongly decided, has been eroded by subsequent cases, and should be overruled. In *Almendarez-Torres*, the Supreme Court found no constitutional violation in a federal statute allowing a defendant's sentence to be increased based on a fact not charged in the indictment: that the defendant had a prior aggravated felony conviction. *Id.* at 226-27.

We acknowledge that *Almendarez-Torres* has been called into question. However, the Supreme Court has not overruled it. In *Shepard v. United States*, Justice Thomas noted in a concurring opinion that *"Almendarez-Torres . . . has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly*

decided. The parties do not request it here, but in an appropriate case, this Court should consider *Almendarez-Torres'* continuing viability." 125 S. Ct. 1254, 1264 (2005) (citations omitted). "Although the Court may overrule *Almendarez-Torres* at some point in the future, it has not done so, we will not presume to do so for the Court, and we are bound by existing precedent to hold that the *Almendarez-Torres* exception to the rule announced in *Apprendi* [*v. New Jersey*, 530 U.S. 466, 490 (2000)] and extended to the Guidelines in *Booker* remains good law." *United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005).

Furthermore, in *Booker,* the Supreme Court reaffirmed the proposition that the fact of a prior conviction is an exception to factual jury submissions:

> [W]e reaffirm our holding in *Apprendi*: Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

125 S.Ct. at 756 (emphasis added). Thus, the district court did not err when it relied on prior convictions to sentence Mr. Johnson as an armed career criminal.

B.     Mandatory minimum sentence

Mr. Johnson next argues that his mandatory minimum sentence of 180 months' imprisonment is unconstitutional in light of *Booker*. He contends "that statutory mandatory minimums are no longer constitutional just as the Guidelines are no longer mandatory but are only discretionary." Aplt's Br. at 34-35. His

arguments find no support in our case law, as we have recently concluded that *Booker* does not affect the validity of a mandatory minimum sentence. *See United States v. Payton*, 405 F.3d 1168, 1173 (10th Cir. 2005) (finding no constitutional or non-constitutional error in sentencing a defendant to a mandatory minimum sentence); *United States v. Williams,* 403 F.3d 1188, 1202 (10th Cir. 2005) (Murphy, J., concurring and dissenting) (concluding that mandatory minimums are "unaffected" by *Booker*); *see also United States v. Childs,* 403 F.3d 970, 972 (8th Cir. 2005) (noting that *Booker* is "wholly inapposite" when reviewing mandatory minimum sentences).

### III.  CONCLUSION

Accordingly, we AFFIRM the district court's sentence.


Entered for the Court,


Robert H. Henry,
Circuit Judge