

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2006

# USA v. Francisco

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1105

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Francisco" (2006). *2006 Decisions.* Paper 1723.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1723

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1105

UNITED STATES OF AMERICA

v.

EDDY ANTONIO FRANCISCO
a/k/a
EDDIE VENTURA
a/k/a
JOSE VENTURE
a/k/a
RAFAEL CHAPMAN
a/k/a
EDDIE VENTURE

Eddy Antonio Francisco,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 04-cr-00352)
District Judge: Honorable John R. Padova

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2006

Before: BARRY,  AMBRO and ALDISERT, Circuit Judges

(Filed: January 24, 2006)

AMBRO, <u>Circuit Judge</u>

Eddy Antonio Francisco appeals from a judgment of conviction and sentence entered by the United States District Court for the Eastern District of Pennsylvania. He contends that the District Court erred in relying on his previous convictions, which were not alleged in the indictment nor proved beyond a reasonable doubt, in calculating the range of imprisonment under the Sentencing Guidelines. He also seeks a remand to allow the District Court to reconsider his sentence in light of <u>United States v. Booker</u>, __ U.S. __, 125 S. Ct. 738 (2005). For the reasons that follow, we hold that the District Court did not err in relying upon Francisco's prior convictions in calculating his Guidelines range. Nonetheless, because the District Court applied the Guidelines as if they were mandatory, we grant the motion to remand. <u>See</u> <u>United States v. Davis</u>, 407 F.3d 162, 165 (3d Cir. 2005).

## I.

Francisco, a citizen of the Dominican Republic, was removed from the United States in February 2002, after having been convicted in the State of New York of several controlled substance offenses. In January 2004, federal authorities located Francisco in the Eastern District of Pennsylvania and charged him with unlawful reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). Although the Government

included with the indictment a notice of a prior conviction detailing Francisco's past controlled substance convictions, the District Court held that prior convictions were not an element of the offense and granted Francisco's motion to strike the notice. Francisco pled guilty to unlawful reentry and proceeded to sentencing. He did not admit to any prior convictions and challenged the Court's authority to sentence him based on facts not found by a jury. The District Court rejected this argument, calculated the base offense level as eight, but increased this level to twenty-four based on Francisco's prior convictions. The Court then decreased the offense level to twenty-one to reflect acceptance of responsibility and sentenced Francisco to eighty months in prison, well within the Guidelines range and the statutory maximum.[1]

Francisco contends that the District Court erred by enhancing his sentence on the basis of his prior convictions, which were neither admitted to by him nor established by the trier of fact beyond a reasonable doubt.[2] He concedes that this issue is controlled by

_____

[1] The statutory maximum for Francisco's base offense — unlawful reentry — is two years in prison, see 8 U.S.C. § 1326(a), but upon a showing that the defendant had a prior conviction for an aggravated felony (such as Francisco's controlled substance convictions) the statutory maximum rises to twenty years in prison. See 8 U.S.C. § 1326(b).

[2] We note that, because the prior convictions increased the statutory maximum for Francisco's offense, see note 1 supra, this issue must be resolved even though we grant Francisco's unopposed motion for a generic Booker remand. Vacating Francisco's sentence and remanding for resentencing under a non-mandatory Guidelines regime would not remedy the error alleged here because the District Court cannot impose a sentence in excess of the appropriate statutory maximum. See Apprendi v. New Jersey, 530 U.S. 466, 481 (2000) (noting that a sentence must be "within the range prescribed by statute" and a sentencing judge's discretion is therefore "bound by the range of

3

Almendarez-Torres v. United States, 523 U.S. 224 (1998), which held that prior convictions that serve to increase the statutory maximum for an offense are not elements of the offense and therefore may be established by the sentencing judge by a preponderance of the evidence. See id. at 243 ("[R]ecidivism . . . is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence."). Francisco argues, however, that Almendarez-Torres is no longer good law after Booker and the Supreme Court's recent decision in Shepard v. United States, __ U.S. __, 125 S. Ct. 1254 (2005), or, at least, has been sufficiently called into question to justify our limiting Almendarez-Torres to its facts.

II.

The District Court had proper subject matter jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction to review the calculation of Francisco's sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. The applicability and continued vitality of a Supreme Court precedent is a pure question of law subject to plenary review on appeal. See, e.g., United States v. Barbosa, 271 F.3d 438, 452 (3d Cir. 2001).

---

sentencing options prescribed by the legislature" (emphasis omitted)); U.S.S.G. § 5G1.1 (stating that the Guidelines are inapplicable if the minimum sentence recommended by the Guidelines is higher than the statutory maximum, or if the maximum sentence recommended by the Guidelines is lower than the statutory minimum). We must, therefore, determine whether the District Court applied the correct statutory maximum before we can remand for resentencing under the non-mandatory Guidelines.

III.

At the outset, we point out that we recently held that Almendarez-Torres remains good law despite the Supreme Court's holding in Booker. In United States v. Ordaz, we noted "a tension between the spirit of Blakely[ v. Washington, 542 U.S. 296 (2004),] and Booker that all facts that increase the sentence should be found by a jury and the Court's decision in Almendarez-Torres, which upholds sentences based on facts found by judges rather than juries." 398 F.3d 236, 241 (3d Cir. 2005). Nonetheless, we held that "[t]he holding in Almendarez-Torres remains binding law, and nothing in Blakely or Booker holds otherwise." Id. Francisco counters that although the Supreme Court has never expressly overruled Almendarez-Torres, the holding has been called into question by Apprendi v. New Jersey, 530 U.S. 466 (2000), and Shepard, the latter decided two weeks after our ruling in Ordaz. Thus, Francisco invites us to hold that Almendarez-Torres is limited to its facts and is not applicable to his Sixth Amendment challenge. We are unpersuaded by this argument.

We find nothing in Apprendi or Shepard that would justify a conclusion that the Supreme Court has effectively limited Almendarez-Torres. In Apprendi, which held that factors that increase the statutory maximum for a crime must be found by a jury beyond a reasonable doubt, the Court expressly preserved the Almendarez-Torres exception for prior convictions. See Apprendi, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis

5

added)).

In Shepard, the Court held that in determining whether prior burglary convictions entered after guilty pleas were "generic" (and thus "violent felon[ies]" mandating a fifteen-year minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), for felons who illegally possess firearms), a sentencing court could not look to police reports or complaint applications but rather had to rely on charging documents, elements of offenses, plea colloquies, and express findings by the trial judge. Shepard, 125 S. Ct. at 1261, 1263; see also Taylor v. United States, 495 U.S. 575, 602 (1990) (holding that a sentencing court may consider statutory elements, charging documents, and jury instructions in determining whether prior convictions after trial were for "generic" burglary). A plurality of the Court noted that in a state where the statutory definition of burglary was limited to the elements of "generic" burglary, "a judicial finding of a disputed prior conviction is made on the authority of Almendarez-Torres." Shepard, 125 S. Ct. at 1262. The plurality contrasted this to states where the statutory definition of burglary encompassed more than the "generic" offense, such that relying on police reports or complaint applications — as opposed to charging documents, jury instructions, plea colloquies, or express findings of fact by the trial judge — would be "too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to Jones[ v. United States, 526 U.S. 227 (1999)] and Apprendi, to

6

say that <u>Almendarez-Torres</u> clearly authorizes a judge to resolve the dispute." <u>Id</u>.[3]

To be sure, Justice O'Connor's dissent in <u>Shepard</u>, joined by Justices Kennedy and Breyer, worried that "today's decision reads <u>Apprendi</u> to cast a shadow possibly implicating recidivism determinations, which until now had been safe from such formalism." <u>Shepard</u>, 125 S. Ct. at 1269 (O'Connor, J., dissenting). Justice Thomas, who expressed his dissatisfaction with the <u>Almendarez-Torres</u> exception in his concurring opinion in <u>Apprendi</u>, <u>see</u> 530 U.S. at 520-21 (Thomas, J., concurring), repeated his view that "<u>Almendarez-Torres</u> . . . has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that <u>Almendarez-Torres</u> was wrongly decided. The parties do not request it here, but in an appropriate case, this Court should consider <u>Almendarez-Torres</u>' continuing viability. " <u>Shepard</u>, 125 S. Ct. at 1264 (Thomas, J., concurring) (internal citations omitted). The plurality, for its part, did not rise to the defense of <u>Almendarez-Torres</u>, but merely noted that "[i]t is up to the future to show whether the dissent is good prophesy" with regard to the continuing viability of <u>Almendarez-Torres</u>. <u>Id</u>. at 1263 n.5.

The various opinions in <u>Shepard</u> appear to agree on one thing: the door is open for the Court one day to limit or overrule <u>Almendarez-Torres</u>. But that day has not yet come,

---

[3] In any event, we note that <u>Shepard</u> is not applicable to Francisco's sentence. In determining whether Francisco had prior convictions, the District Court relied solely on the prior record of convictions from the Bronx County Superior Court. There was also no dispute that the controlled substance offenses of which Francisco was convicted were, on their face, aggravated felonies.

and we are well aware of the Supreme Court's admonition that "'[i]f a precedent of [the Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own decisions.'" Agostini v. Felton, 521 U.S. 203, 237 (1997) (quoting Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 484 (1989)); see Ordaz, 398 F.3d at 241 (same). We therefore agree with the other Circuit Courts that have concluded that Shepard did not affect the continuing validity of Almendarez-Torres. See, e.g., United States v. Childs, 403 F.3d 970, 972 (8th Cir. 2005); United States v. Schlifer, 403 F.3d 849, 852 (7th Cir. 2005); United States v. Moore, 401 F.3d 1220, 1224 (10th Cir. 2005).

IV.

We hold that the District Court did not err in relying on Francisco's record of prior convictions for aggravated felonies at sentencing. Under Almendarez-Torres, which remains binding law until the Supreme Court tells us otherwise, such facts need not be admitted by the defendant nor established by a jury beyond a reasonable doubt. Because the District Court relied on the Sentencing Guidelines as a mandate, however, we grant Francisco's unopposed motion for a remand in light of Booker, vacate the sentence, and remand to the District Court for resentencing pursuant to United States v. Davis, 407 F.3d 162, 165 (3d Cir. 2005).