

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-4-2006

# USA v. Rivera

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5329

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Rivera" (2006). *2006 Decisions*. Paper 133.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/133

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-5329

_____

UNITED STATES OF AMERICA,
                                    Appellee,

vs.

RYAN RIVERA,
                                    Appellant.

_____

On Appeal from the United States District Court
For the District of New Jersey
(Crim. No. 05-63)
District Judge: Honorable Jerome B. Simandle

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 27, 2006

_____

Before: FUENTES and GARTH, Circuit Judges, and POLLAK, District Judge[*]

(Opinion Filed: December 4, 2006)

_____

OPINION

_____

_____

[*] The Honorable Louis H. Pollak, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

GARTH, <u>Circuit</u> <u>Judge</u>:

In this appeal, Ryan Rivera challenges the 27 month prison sentence he received for the crime of possession of drugs in a federal prison. Rivera claims that the district court improperly increased his sentence based on prior convictions that were neither admitted nor submitted to a jury. Because <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), which permits a sentencing court to find facts relating to prior convictions, is still binding on us, we will affirm.

I.

The facts of this case are straightforward and undisputed. Since 2002, appellant Ryan Rivera had been imprisoned at the Fairton Federal Correctional Institution on a conviction for being a felon-in-possession of a firearm. On August 22, 2004, Rivera was observed receiving suspected contraband from a visitor. Several days later, 1.217 grams of cocaine were recovered from his person.[1] On August 24, 2005, Rivera pleaded guilty, pursuant to a plea agreement, to a one-count Superseding Information, charging him with possessing a prohibited object in a federal prison, specifically a narcotic drug, in violation

_____

[1]The specific facts of Rivera's receipt of drugs during this visit are somewhat unusual. According to the Presentence Investigation Report ("PSR"), Rivera and his guest were eating "Dorito" tortilla chips, each from an individual bag. A prison employee noticed the visitor hold his Dorito bag up to his mouth and tilt his head forward; Rivera then picked up the same bag, tilted his head back, and poured its contents into his mouth. Suspicious, prison staff isolated Rivera, who eventually passed a balloon containing a substance later identified as cocaine and/or codeine.

of 18 U.S.C. §§ 1791(a)(2), (b)(1), and (b)(2).[2]

The PSR recommended a total offense level of 11. The PSR further calculated

Rivera's Criminal History pursuant to U.S.S.G. § 4A1.1.[3] The PSR assessed three

---

[2]Section 1791(a)(2) provides that "[w]hoever . . .being an inmate of a prison, makes, possesses, or obtains, or attempts to make or obtain, a prohibited object shall be punished as provided in subsection (b) of this section."

The punishment for violations of section 1791(a)(2) is set forth in section 1791(b), which states, in pertinent part:

> The punishment for an offense under this section
> is a fine under this title or--
>   (1) imprisonment for not more than 20 years, or
> both, if the object is specified in subsection
> (d)(1)(C) of this section;
>   (2) imprisonment for not more than 10 years, or
> both, if the object is specified in subsection
> (d)(1)(A) of this section

Sections 1791(d)(1)(A) and (d)(1)(C) referred to in section 1791(b) define the term "prohibited object"in section 1791(a)(2) to include "a narcotic drug" or "a controlled substance in schedule I or II, other than marijuana."

[3]U.S.S.G. § 4A1.1 provides:

> The total points from items (a) through (f)
> determine the criminal history category in the
> Sentencing Table in Chapter Five, Part A.
> (a) Add 3 points for each prior sentence of
> imprisonment exceeding one year and one month.
> (b) Add 2 points for each prior sentence of
> imprisonment of at least sixty days not counted in
> (a).
> (c) Add 1 point for each prior sentence not
> counted in (a) or (b), up to a total of 4 points for
> this item.
> (d) Add 2 points if the defendant committed the

criminal history points for a 1997 New York drug distribution conviction; three points for

a 1997 New York grand larceny conviction; three points for a 2003 New York drug

possession conviction; three points for Rivera's 2002 federal felon-in-possession

conviction; one point for a 2003 conviction for possessing contraband in prison; and two

points for committing the instant offense while imprisoned, for a total of 15 points – and a

resulting criminal history category of VI. The corresponding guidelines sentencing range

was 27 to 33 months.

Rivera was sentenced on December 2, 2005. At sentencing, Rivera argued that his

prior convictions, which were neither admitted nor submitted to a jury, could not,

instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.
(e) Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item.
(f) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under(a), (b), or (c) above because such sentence was considered related to another sentence resulting from a conviction of a crime of violence, up to a total of 3 points for this item. Provided, that this item does not apply where the sentences are considered related because the offenses occurred on the same occasion.

consistent with the Sixth Amendment, be considered to increase his sentence.[4]  Rivera

acknowledged that, under Almendarez-Torres v. United States, 523 U.S. 224 (1998), a

sentencing judge is permitted to find facts relating to prior convictions and enhance the

maximum penalty accordingly.  Rivera argued, however, that the more recent Supreme

Court cases of Shepard v. United States, 544 U.S. 13 (2005) and United States v. Booker,

543 U.S. 220 (2005) created "enough of a cloud" over Almendarez-Torres "to preserve the

issue for appellate consideration."  A56-60.  Rivera did not object to the factual findings

regarding his prior sentences, but argued that the court should disregard those facts,

leaving him with a criminal history category of III and a corresponding guidelines range of

12 to 19 months imprisonment.

The district court rejected Rivera's argument and sentenced him – based upon his

prior convictions and the resulting criminal history category of VI – to 27 months

imprisonment, the bottom of the recommended guidelines range.  Because Rivera

committed the crime while incarcerated, the court ordered that the sentence run

concurrently to the sentence he was then serving.  A90.  Rivera filed a timely notice of

appeal.

## II.

Rivera makes just one argument on appeal.  Rivera asserts that the district court

---

[4]Rivera does not here challenge the criminal history points attributable to the conviction he was then serving nor those that result because the instant criminal conduct occurred while he was imprisoned.

violated his Sixth Amendment right to trial by jury by increasing his sentence based upon prior convictions that were neither admitted nor submitted to a jury. Rivera acknowledges that the Supreme Court's 1998 decision in Almendarez-Torres specifically held that recidivism, – i.e., the fact of prior convictions, is not an element of a crime, and therefore need not be found by a jury. Id. at 239-48. Rivera argues, however, that Almendarez-Torres has, by subsequent decisions, been "sufficiently undermined to compel the conclusion that the Sixth Amendment prohibits a district court from finding the fact of a prior conviction and using that fact to enhance a defendant's sentence." App. Br. at 11.

Rivera's argument fails for two independent reasons. First, none of the cases he cites – Shepard, Booker, and Apprendi v New Jersey, 530 U.S. 466 (2000) – have, in fact, implicitly or explicitly overruled Almendarez-Torres. In Apprendi, the Court specifically held that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490(emphasis added). Likewise, Booker, while striking down the statutory provisions making the guidelines mandatory as violative of the Sixth Amendment, preserved the holding of Almendarez-Torres that prior convictions need not be found by a jury:

> Any fact *(other than a prior conviction)* which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

Booker, 543 U.S. at 244 (emphasis added).

The final case cited by Rivera, Shepard v. United States, 544 U.S. 13 (2005), does cast some doubt upon the holding of Almendarez-Torres. Shepard involved the Armed Career Criminal Act, which mandates a minimum 15-year prison sentence for anyone possessing a firearm after three prior convictions for serious drug offenses or violent felonies. The Act makes burglary a violent felony only if committed in a building or enclosed space ("generic burglary"), not in a boat or motor vehicle. In Shepard, the Court held that, in determining whether prior burglary convictions entered after guilty pleas were "generic" and thus "violent felonies"under the Act, a sentencing court could not look to police reports or complaint applications but rather had to rely solely on charging documents, elements of offenses, plea colloquies, and express findings by the trial judge. Shepard, 544 U.S. at 26. A plurality of the Court held that in a state where the statutory definition of burglary was limited to the elements of "generic" burglary, "a judicial finding of a disputed prior conviction is made on the authority of Almendarez-Torres." Shepard, 544 U.S. at 24. However, the plurality contrasted this to states where the statutory definition of burglary encompassed more than the "generic" offense, such that relying on police reports or complaint applications – as opposed to charging documents, jury instructions, plea colloquies, or express findings of fact by the trial judge – would be "too far removed from the conclusive significance of a prior judicial record, and too much like

-6-

the findings subject to Jones and Apprendi, to say that Almendarez-Torres clearly authorizes a judge to resolve the dispute." Id. The Shepard court thus limited the scope of judicial fact-finding permitted under Almendarez-Torres.

In a dissent by then Justice O'Connor, several members of the Court expressed concern about what the decision portended for the Almendarez-Torres rule: "[T]oday's decision reads Apprendi to cast a shadow possibly implicating recidivism determinations, which until now had been safe from such formalism. . . ." Shepard, 544 U.S. at 38 (O'Connor, J., dissenting). And Justice Thomas, who had expressed his dissatisfaction with the Almendarez-Torres exception in his concurring opinion in Apprendi, see 530 U.S. at 520-21 (Thomas, J., concurring), repeated his view that "Almendarez-Torres . . . has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided." Shepard, 544 U.S. at 27-8 (Thomas, J., concurring) (internal citations omitted).

This court has already considered the question whether Almendarez-Torres is still good law despite Booker, Apprendi, and Shepard. In United States v. Ordaz, 398 F.3d 236 (3d Cir. 2005), the defendant, who had been convicted for conspiring to distribute cocaine, challenged his thirty-year sentence claiming that it was the result of improper judicial fact-finding. Although the conspiracy charge ordinarily carried a twenty-year maximum sentence, a related statute, 21 U.S.C. § 841(b)(1)(C), provides that "if any person commits such a violation after a prior conviction for a felony drug offense has become final, such

person shall be sentenced to a term of imprisonment of not more than 30 years . . . ." Id.

The district court found that the defendant had been convicted of a felony drug offense

that had become final and, applying section 841(b)(1)(C), sentenced the defendant to the

enhanced thirty years prison term.

Like Rivera, the defendant in Ordaz argued that the fact of his prior conviction

should have been submitted to the jury. The Court, while acknowledging some tension

between Almendarez-Torres and subsequent Supreme Court cases, nevertheless held that

Almendarez-Torres remains good law:

> Ordaz argues that because of the decision in Blakely, "it is clear that Almendarez-Torres cannot stand." . . . However, the Supreme Court has made clear that "if a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 484, 104 L. Ed. 2d 526, 109 S. Ct. 1917 (1989); see also Agostini v. Felton, 521 U.S. 203, 237, 138 L. Ed. 2d 391, 117 S. Ct. 1997 (1997).
> . . . .
> [A]s an inferior federal court we have the responsibility to follow directly applicable Supreme Court decisions. . . .
> The holding in Almendarez-Torres remains binding law, and nothing in Blakely or Booker holds otherwise.

Ordaz, 398 F.3d at 240-241.

Ordaz was decided just weeks prior to the Supreme Court's decision in Shepard, which Rivera claims casts additional doubt on Almendarez-Torres. In United States v. Coleman, 451 F.3d 154 (3d Cir. 2006), this Court considered the impact, if any, of Shepard upon the rule set forth in Almendarez-Torres. Coleman was convicted of several firearm possession violations. At sentencing, the district court determined that Coleman had five prior convictions, and thus qualified as an armed career criminal under 18 U.S.C. § 924(e). This increased the statutory minimum for his firearm possession offenses to at least 15 years in prison.

On appeal, Coleman argued that, because his prior convictions increased the statutory minimum penalty, those offenses should have been charged in the indictment and proved to the jury beyond a reasonable doubt, and that the government's failure to do so violated the Sixth Amendment. He asserted that Almendarez-Torres had been eviscerated by Shepard's holding limiting the sources a sentencing court could rely upon to determine whether a previous burglary is "generic" for the purposes of enhancing a sentence based upon the prior conviction. This court rejected the argument that Shepard had implicitly overruled Almendarez-Torres:

> The various opinions in Shepard appear to agree on one thing: the door is open for the Court one day to limit or overrule Almendarez-Torres. But that day has not yet come, and we are well aware of the Supreme Court's admonition that "if a precedent of the Supreme Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should

follow the case which directly controls, leaving to the Supreme Court the prerogative of overruling its own decisions." [United States v.] Francisco, 165 Fed. Appx 144, 148 (3d Cir. 2006) (quoting Agostini v. Felton, 521 U.S. 203, 237, 117 S. Ct. 1997, 138 L. Ed. 2d 391 (1997)).  Therefore, we hold that Shepard did not affect the continuing validity of Almendarez-Torres.

Coleman, 451 at 161.  Several other Circuits have held likewise.  See, e.g., United States v. Childs, 403 F.3d 970, 972 (8th Cir. 2005); United States v. Schlifer, 403 F.3d 849, 852 (7th Cir. 2005); United States v. Moore, 401 F.3d 1220, 1224 (10th Cir. 2005).

Because Almendarez-Torres remains good law, the district court properly found the facts of Rivera's prior convictions and a corresponding criminal history category of VI. This finding, together with the unchallenged offense level of 11, resulted in a guidelines range of 27 to 33 months.  The district court's sentence of 27 months – the very bottom of the range – was not improper.

### III.

Rivera's argument also fails for an entirely independent reason.  The remedial portion of Booker demonstrates that judicial fact-finding by the preponderance of the evidence standard is unconstitutional *only in the context of a mandatory sentencing regime*. United States v. Miller, 417 F.3d 358, 362-63 (3d Cir. 2005); United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005); United States v. Crosby, 397 F.3d 103, 112 (2d Cir. 2005); United States v. Dalton, 409 F.3d 1247, 1252 (10th Cir. 2005).  In other

words, the Sixth Amendment is not violated simply because a judge finds sentencing facts under the guidelines; rather, to trigger constitutional error, the judge must do so pursuant to a mandatory guidelines system. Where, as here, such judicial fact-finding occurs in an advisory guidelines scheme and is within the statutory range, it raises no Sixth Amendment issues. Antonakopoulos, 399 F.3d at 75 ("The error is not that a judge (by a preponderance of the evidence) determined facts under the Guidelines which increased a sentence beyond that authorized by the jury verdict or an admission by the defendant; the error is only that the judge did so in a mandatory Guidelines system."). Here, there is no dispute that the district court sentenced Rivera under an advisory guidelines system, and the final sentence was reasonable and within the statutory maximum.

IV.

The December 2, 2005 order of the district court sentencing Rivera to 27 months imprisonment will be affirmed.